## WILSON *vs.* THE CITY OF ATLANTA.

1. When certain phraseology in the bill of exceptions means, by fair construction, that the motion for new trial was made during the term at which the trial was had, and nothing to the contrary appears in the bill or in the transcript, the motion will be treated in the supreme court as having been made in due time.
2. Ordinary diligence on the part of a person driving upon a street, and ordinary diligence on the part of the city in constructing and repairing the street, do not imply a like degree of vigilance in foreseeing danger and guarding against it.
3. Negligence by the defendant. the consequences of which the plaintiff could shun by the use of ordinary diligence, goes for nothing.
4. So, the defendant's negligence goes for nothing if it did not contribute to the injury.

Practice in the Supreme Court. Municipal corporations. Diligence. Before Judge HILLYER. Fulton Superior Court. October Adjourned Term, 1878.

Wilson brought case against the city of Atlanta for $10,000.00 damages alleged to have been sustained by him under the following circumstances : He was driving two horses attached to his buggy, in which were himself and three small children, on Harris street, in said city, on June 30, 1875. The defendant had previously, at a point on said street where it crossed a branch, thrown up an embankment ten feet high and two hundred yards in length, along and in the middle of the same. Harris street was fifty feet in width whilst the embankment was only thirty-five feet, thus leaving fifteen feet of said street below the

embankment.  The defendant erected no railings or other means of protection and safety on either side of the embankment.  Whilst thus driving along and upon the same, the swingle-tree of one of the horses became detached from the buggy, without any fault of the plaintiff, and striking the horse on the legs, caused him to turn suddenly and upset the buggy, throwing it down the embankment, thereby dislocating plaintiff's right knee-joint, and causing other injuries to himself and children.

The defendant pleaded the general issue.

Upon the trial much evidence was introduced, all of which, in view of the questions decided, is immaterial here.

The jury found for the defendant.  The plaintiff moved for a new trial upon the following grounds, among others: 

Because the court erred in charging the jury as follows:

1st.  "If the plaintiff knew the locality or street, he cannot say he was free from negligence, and yet the city was negligent in taking no action on the same state of facts.

2d.  "Whatsoever acting on the same state of facts, would excuse him (the plaintiff) from foreseeing such danger, would excuse the city from foreseeing the same danger.

3d.  "If there was danger and he (the plaintiff) knew it, and judged for himself, and took the risk, he could not complain of the consequences; and after choosing that route the duty would be upon him to use ordinary care as to the speed and control of his team, and all other precautions for safety in passing the danger.

4th.  "The plaintiff says that it was the duty of the defendant to erect a railing along the embankment in question, and that the failure to do so was the negligence which caused the injury.  In order for such duty to arise it must appear from the evidence that such a railing was necessary and proper for the safety of the street.  If it was thus necessary and proper for the safety of the street, it was the duty of the city to have erected it.  But it must appear from the evidence that, with reasonable diligence on the

Wilson vs. The City of Atlanta.

part of the plaintiff, a railing, if there, would have guarded against or warded off the damage. Before negligence in failing to erect such railing can be imputed to the defendant in favor of the plaintiff in this case, it must be made to appear, with reasonable certainty, that if such railing had been erected, the plaintiff would have escaped the injury. It is for the jury to say, under all the evidence, whether with reasonable diligence the defendant should have erected a railing as contended for by the plaintiff, and whether the same was reasonably necessary for safety of travel over said street, and then, whether, even if such railing had been there, it would have operated to protect him from injury under all the circumstances and conditions of danger to which, from other causes, he may have been exposed."

The motion was overruled and plaintiff excepted.

It was urged in argument that if the motion had merit, still it was properly overruled for the reason that it did not appear that it was made at the term when the case was tried. The facts on this point are stated in the opinion.

L. J. GLENN & SON: McCAY & TRIPPE; J. T. GLENN, for plaintiff in error.

W. T. NEWMAN, city attorney; JOHN L. HOPKINS, for defendant, cited 59 *Ga.*, 544; 60 *Ib.*, 473; Code, §2972; 2d L. & Eq. Reporter, 364; 35 N. H., 52; 5 Reporter, 164.

BLECKLEY, Justice.

1. The bill of exceptions sets out that at the fall term, 1878, of the superior court, the case (naming it) was tried, and the jury found a verdict for the defendant, his honor, George Hillyer, judge of said court, then and there presiding, whereupon the plaintiff moved for a new trial, etc. The fair construction of this language is that the motion was made at the same term at which the trial was had; and as it does not affirmatively appear elsewhere in the bill of excep-

tions, or in the transcript of the record, that the fact was otherwise, the motion will be treated in the supreme court as having been made in due time.

2. While, in respect to its streets, a city and a passenger upon them are alike bound to ordinary diligence, yet the diligence of the former has relation to keeping the streets in safe condition and repair, and that of the latter has relation to walking, riding or driving along them in proper manner and with due caution. Ordinary diligence on the part of the city is that care which every prudent municipality takes to put its streets in safe order and keep them so; on the part of the passenger of average powers and capacity, it is that care which every prudent person takes to pass over them without sustaining injury or inflicting any. The duty of maintaining a street in a fit condition for safe use, though limited to ordinary diligence in those on whom that duty is cast, involves a very different measure of vigilance in foreseeing danger, from that which a passenger is bound to exercise. It follows that the passenger may know the street or the locality, and yet be free from negligence, while the city, on the same state of facts, might be chargeable with negligence—even with gross negligence. In no respect is the vigilance obligatory upon the one a measure of that which is obligatory upon the other. Each is bound to the diligence appropriate, not to a common duty, but to a separate and distinct duty appertaining to a separate and distinct class. The passenger does not undertake to serve the city or represent it, and upon him rest none of its burdens; he is to act the part of a prudent, discreet traveler, not the part of a prudent, discreet corporation. If he has special knowledge which ought to heighten his care above that which would be usual and reasonable in those less informed, his conduct should conform to that of ordinary prudent men possessed of like information and placed in like circumstances. Ordinary diligence involves a reasonable use of all the resources, mental and physical, which are at the passenger's command.

In charging the jury, the presiding judge seems to have had some such theory present to his mind as that ordinary diligence implies equal diligence. This is far from correct when the diligence of different classes of persons is under comparison, though it is correct when that of different persons of the same class is being compared. The person whose duty it is to furnish and repair a road for another to travel upon is related to that road and to the man who is to travel upon it, just as another person whose duty is to furnish and repair a similar road for a like purpose in respect to another traveler, is related to the latter road and to the traveler upon it, and both road-makers are alike bound to ordinary and equal diligence. And so the two travelers are bound to ordinary and equal diligence, as a general rule. But ordinary diligence on the part of road-makers, may be more or less than ordinary diligence on the part of travelers; indeed, the diligence appropriate to the one class is so different from that appropriate to the other, that there is difficulty in comparing them, one being the diligence of preparation, and the other the diligence of use.

3. There can be no doubt that while the city was bound to observe its own proper measure of diligence, yet, if it failed, and the plaintiff could nevertheless have avoided the consequences by using ordinary diligence on his part, and he likewise failed, he cannot recover.

4. So, if the consequences to the plaintiff would, under all the circumstances, have been the same had the city not been negligent, he cannot recover though he be in no default.

This case has been here twice before : 59 *Ga.*, 544 ; 60 *Ib.*, 473. What we have now ruled will be found sufficient to correct such error as the charge of the court contains ; and the three decisions, read together, will probably furnish enough law to dispose of the litigation, with the aid of a jury to settle the facts.

Judgment reversed.