ELIZABETH T. GILBERT *vs.* CITY OF BOSTON.

Suffolk. March 10. — May 11, 1885. W. ALLEN, COLBURN, & HOLMES, JJ., absent.

The fact that a woman, sixty years old and weighing about two hundred pounds, noticed, before attempting to ascend an accumulation of snow and ice upon a street crosswalk, that it was very rough and slippery, and that to reach a safe foothold on the sidewalk she must step nearly two feet over a ditch and glare ice, is not conclusive evidence, in an action by her against the city for an injury resulting from such defect, that she was not in the exercise of due care in attempting to cross.

TORT, for personal injuries occasioned to the plaintiff by an alleged defect in Dorchester Street, in Boston, on January 16, 1883. At the trial in the Superior Court, before *Bacon*, J., the evidence was as follows, on the issue whether the plaintiff was in the exercise of due care :

The plaintiff and her niece were crossing together, arm in arm, from West Seventh Street to the southeasterly side of Dorchester Street, upon a crosswalk, which was throughout its entire length in good condition and free from defects, excepting that portion of it at and immediately surrounding the place where the defect contributing to the injury existed, and this defective portion was an accumulation of rough and uneven snow and ice lying upon the crosswalk within a distance of four feet from the southeasterly sidewalk of Dorchester Street. At that distance such accumulation began on a line with the level of the street, and extended, increasing in thickness, to a ridge upon the edge of a ditch cut in the snow near the edgestone of the sidewalk, giving to the ridge upon the crossing at this edge of the ditch a thickness, including the flagging, of fifteen inches, where it formed the outer wall of the ditch, and six or eight inches above the level of the sidewalk, while the edgestone of the walk formed the inner wall of the ditch. The top of this accumulation, running along the edge of the ditch, was four inches in width; the ditch was twelve inches wide, with its outer wall about fifteen inches, and its inner wall about seven inches, in depth. Upon the edge of the sidewalk in front of the crosswalk, and extending several feet along the sidewalk, was a strip of slippery and thin glare ice, ten to fourteen inches

in width; the sidewalk inside of this glare ice was perfectly clear and safe. The accumulation of snow and ice was very steep, rough, and slippery and ridgy, and consisted of blocks and lumps of snow and ice on the edge of the ditch, heaped up and thrown together by workmen in digging the ditch through the snow to clear the street gutters, and afterwards frozen together there in a very rough form, and about six or eight inches higher than the rest of the accumulation on the crossing.

The plaintiff testified that, before beginning to ascend this accumulation, she saw that it was in this condition, " and looked for a place to go over easier," but on finding the condition of the street near there, on both sides of the crosswalk, to be equally unsafe, she proceeded with her companion to the top of this accumulation.

The plaintiff and her companion both noticed the existence and condition of the ditch, and of the glare ice on the edge of the sidewalk beyond the ditch, and looked for a better place in which to cross over to the sidewalk. Not seeing any near at hand, and after deliberating upon the chances of stepping in safety down across the ditch upon the sidewalk as far as the clear place beyond the strip of glare ice lying on the edge of the sidewalk, the plaintiff, intending so to step over the ditch and beyond the glare ice on the edge of the sidewalk, — a distance of from twenty-two to twenty-seven inches, — began from the narrow top of this rough and uneven accumulation of slippery snow and ice to take such a step, and in so doing slipped, fell, and sustained the injury complained of.

The plaintiff testified that she was sixty years of age; that she weighed not far from two hundred pounds; that at the time of the injury she wore glasses, and was blind in her left eye; that on December 3, 1882, a cataract had been removed from her right eye; and that at the time of the accident she could see " quite as well as ever with her right eye."

It appeared in evidence that the plaintiff seemed, to a person who was at a point about forty feet distant from the spot of the accident, to be proceeding slowly and carefully when the accident occurred.

Upon this evidence, the defendant's counsel requested the presiding judge to rule that the plaintiff had failed to make out her

case, and, as matter of law, could not recover from the defendant for this injury.

The judge refused so to rule, and instructed the jury that, under all the circumstances of the case, it was a question for them whether or not the plaintiff was in the exercise of due care in attempting to step over this ditch, and beyond the ice upon the edge of the sidewalk, she at the time being aware of its defective character. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*R. W. Nason*, for the defendant.

*T. J. Emery*, for the plaintiff.

FIELD, J. The nature of the defect was not such that the court can say, as matter of law, that the plaintiff was not in the exercise of due care in attempting to pass over it. *Dewire v. Bailey*, 131 Mass. 169. *Exceptions overruled.*