SUSAN E. DIPPER *vs.* INHABITANTS OF MILFORD.

Worcester.　September 29, 1896. — February 25, 1897.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Defective Highway — Due Care — Law and Fact.*

It cannot be said, as matter of law, that a person who, although he knew that there was ice on the sidewalk in a town, passed over it for a distance of twenty feet until he reached a place where it was more dangerous, was not in the exercise of due care in determining to proceed instead of going back or attempting to cross the street, but it is a question for the jury in an action against the town for injuries sustained by falling on the ice at such place.

TORT, for personal injuries occasioned to the plaintiff by an alleged defect in a highway in the defendant town. Trial in the Superior Court, before *Gaskill,* J., who reported the case for the determination of this court, in substance as follows.

The plaintiff testified that, at the time of the injury, she was fifty-seven years old, and was in perfect health ; that she had lived many years in the defendant town, and was familiar with its streets ; that on the day of the accident she left her home to transact some business at a shop on Exchange Street, a street running east and west and leading westerly from Main Street ; that she passed from the post office on Main Street up Exchange Street westerly, and on the north side of that street ; that there was no defect, and nothing to impede or interfere with travel on that side of the street ; that when she reached a point opposite to the shop, which was on the south side of Exchange Street, she crossed the street and transacted her business in the shop ; that she then came out and proceeded toward Main Street on the south side of Exchange Street, which was her direct way home, and had gone a short distance on the sidewalk when she fell upon some ice, receiving the injuries complained of.

There was conflicting evidence as to the temperature at the time of the injury. The plaintiff testified that it was very cold, and that there was no melting of ice that day so far as she knew. Other testimony tended to show that the ice had melted, and that the water was running on the sidewalk in question. The plaintiff testified that she did not know how long the ice, which she alleged to be the defect, had existed, and there was no witness who testified as to the exact length of time it had so existed.

William J. Shea was called as a witness for the plaintiff, and testified that he was the proprietor of a store in the building in front of which the plaintiff fell ; that on the day of the accident it was very icy there ; that the surface was uneven, — he could not say how thick ; that the ice was right in front of the double doors extending out toward the curbstone probably a little more than half way, and up and down the street not more than six feet ; that this ice was caused by the snow melting on the roof of the building and dripping upon the sidewalk ; and that there was always ice there after a thaw when there was snow on the roof.

The plaintiff, in her direct examination, testified that footprints had been trodden along the inside of the curbing and there was ice, and about the footprints the surface was raised into the centre of the pavement, and the gutter was blocked so the water

would sometimes flow back; that the surface was slippery, like glass; that the irregularities were from two to two and a half inches in height, and were what she should call "hubs," and extended across the sidewalk to the footprints; that the gutter at that place was full of hard, rough ice; and that when she got to this place she tried to steady herself, and if possible get out into the roadway, thinking the condition was not so bad there, "and then I thought I would go straight along." Her examination was continued as follows: " *Q.* Did you believe you could cross it safely? *A.* I did not know till I tried. — *Q.* When you tried, did you think you could? *A.* No, sir, I did not; but I thought I could go along as well as where I was, and so I tried to venture across there."

On cross-examination, the plaintiff testified that she came to a point where she recognized that the sidewalk was dangerous; and further testified as follows: " *Q.* Did you know and exactly appreciate its dangers? *A.* I did when I fell; I could not get off it. — *Q.* How far do you think you had moved on this slippery ice before you fell? *A.* I should think about twenty feet. — *Q.* So that you had been going twenty feet over what you appreciated as dangerous? *A.* I did not consider it dangerous then. — *Q.* You did not pass over it into the street? *A.* No, sir, I passed into a worse place. — *Q.* You knew it was? *A.* I knew it when I was there."

There was other evidence tending to show a defective condition of the sidewalk, and that the ice at the place described was rough and hubbly. There was some evidence tending to show that the defendant might have known of it, and that such defect might have been prevented by the exercise of reasonable care and diligence. The defendant asked the judge to instruct the jury that there was no evidence to warrant a verdict for the plaintiff, and to direct a verdict for the defendant. The judge declined so to do; and the defendant excepted. The jury returned a verdict for the plaintiff. If there was sufficient evidence upon the question of due care to entitle the plaintiff to go to the jury, judgment was to be entered on the verdict; otherwise, judgment for the defendant.

*H. Parker*, for the defendant.

*S. H. Tyng*, for the plaintiff.

LATHROP, J.   The only question raised by the report in this case is whether there was sufficient evidence of due care on the plaintiff's part to entitle her to go to the jury.   We are of opinion that there was.   From the evidence the jury could well have found that, although the plaintiff knew that there was ice on the sidewalk, she passed over it a distance of twenty feet before she reached the more .dangerous place where she fell. When she reached this place it was a question whether to proceed, or to go back, or to attempt to cross the street.   We cannot say, as matter of law, that the plaintiff was not in the exercise of due care in determining to go ahead.

While it may be said to be negligence, as matter of law, to step into an open trench, it is a matter of common knowledge that ice on a sidewalk often can be walked over with safety.   It must be an exceptional case, where an attempt to pass over such ice can be said to be negligent, as matter of law.   The general rule in such a case is to leave the question of the plaintiff's care to the jury.   *Dewire* v. *Bailey*, 131 Mass. 169, and cases cited.

*Judgment on the verdict.*