CORNELIA FROST *vs.* JAMES C. McCARTHY & another.

Suffolk.    November 12, 1908. — January 6, 1909.

Present : KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence.    Nuisance.*

If a woman, on going to a store where she often has transacted business, finds that repairs are going on and that a scaffolding has been built across the front, and enters by a new entrance through a narrow passageway, under the scaffolding, and through a doorway of half the ordinary size, which is reached by ascending two steps and which is open and leads into the store where business is going on, and notices as she goes in mortar or plaster upon the steps, some of which is dry and powdery as though it had been trampled on and spread around, and some of which is in lumps, so that she has to pick her way into the store, and if, after remaining in the store about five minutes, she comes out and slips on the steps, either on the powdery substance or upon a lump, and is injured, she is not negligent as matter of law in having entered the store which she was invited to enter in spite of her noticing the conditions which might cause her to slip, and, in an action against the proprietor of the store for her injuries, the question of her due care is for the jury.

If the proprietor of a store on one of the principal streets of a large city provides a temporary entrance for his customers, while repairs are going on, and in doing so allows two smooth steps, made of cement and glass set in an iron framework, which lead from a narrow passageway under a scaffolding to a narrow doorway by which the store is entered, to become sprinkled with mortar or plaster, some of which is powdery and some in lumps, and it appears that mortar splashed upon the steps has dried and has been trodden into the store and upon the sidewalk by the feet of persons passing over it, and if owing to this condition of things one of his customers slips on the steps and is injured, in an action brought against him by such customer for the injuries thus caused, the question of the defendant's negligence is for the jury, and there is evidence to warrant a finding that the situation had existed under such circumstances and for such a period of time that in the exercise of reasonable care for the safety of his customers the defendant ought to have known about it.

TORT for personal injuries from slipping upon a step leading from the store of the defendant, as described in the opinion. Writ dated February 17, 1905.

In the Superior Court the case was tried before *Brown*, J. At the trial it was admitted that the defendant McCarthy was the lessee of the store at the entrance to which the plaintiff received her injuries, that he was carrying on his business as usual there on the day of the accident, and that he occupied for his store only the first floor of the building. The other defendant, Whitcomb, was a general contractor doing work at Mc-Carthy's store on the day of the accident, and his men were at work on the building on that day. The material facts shown by the plaintiff's evidence are stated in the opinion.

At the close of the plaintiff's evidence, the defendant Mc-Carthy rested, and asked the judge to rule that upon all the evidence the plaintiff could not recover against him and to order a verdict for him. This the judge refused to do, and submitted the case to the jury against both defendants. The jury returned a verdict for the plaintiff against both defendants in the sum of $1,000; and the defendant McCarthy alleged exceptions, the plaintiff having by leave of court discontinued his action as against the defendant Whitcomb.

*M. O. Garner*, for the defendant McCarthy.

*G. W. Buck*, (*E. D. Sherburne* with him,) for the plaintiff.

RUGG, J. This is an action of tort to recover damages for personal injuries sustained by the plaintiff while coming out of the retail lace store of the defendant McCarthy, at the corner of West and Tremont Streets in Boston. These exceptions relate

only to the liability of McCarthy, who will hereafter be referred to as the defendant. The accident occurred on the morning of September 19, 1904, which was a pleasant day. For some time before this a general contractor had been at work making changes and alterations in the store. This work was still in progress on the day of the injury. The plaintiff had often transacted business at the store, and when she reached it on the day in question she saw that scaffolding was built across the front, that the old entrance had been closed, and that a new entrance had been constructed, which consisted of a narrow passageway, somewhat darkened by the overhead scaffold, leading into the store from the sidewalk. The door, which was half the ordinary size, was open, and it was necessary to ascend two steps before reaching it. There were other indications of repairs and alterations in progress. The plaintiff testified that as she went into the store she noticed mortar or plaster upon the steps, some of which was dry and powdery, as though it had been trampled on and spread around, and some in lumps, and she had to pick her way into the store. As she came out of the store, after having remained there about five minutes, she slipped, but did not know whether she stepped upon the powdery substance or upon a lump. There was other evidence that the steps were covered with a substance that looked like mortar, " which had been dropped in a splash and gradually dried; part of it had been walked on; part of it had been dried and was broken off and had been scattered over the steps; there were bunches or collections of mortar there and also powdered mortar in considerable quantities; some of the bunches were attached to the step, and some loose rolling about under foot . . . some of the mortar or plaster had been tracked into the store, upon the floor near the door," and also that some of the substance had been tracked upon the sidewalk.

The question as to the plaintiff's due care, although close, was properly submitted to the jury. Albeit she observed the presence upon the steps of the powdered and lumped mortar before she entered, and had to pick her way along and feared that she might slip, the door was open leading into the store and business was in fact being conducted there as usual. An invitation on the part of the defendant was thus held out to customers to

enter his store, which to some extent carried an implication of safety, if the invitation was accepted. The principle is too well settled to require a citation of authorities to support it, that mere knowledge of the danger of doing a certain act without a full appreciation of the risk involved is not sufficient to preclude a plaintiff from recovery, even though there may be added to the knowledge of danger a comprehension of some risk. It is still in most cases a question of fact whether, taking into account all the circumstances, including the knowledge and appreciation as well as every other material condition, the plaintiff is guilty of such negligence as to preclude recovery. Such knowledge and appreciation no doubt oftentimes, perhaps generally, constitute weighty evidence of negligence. They do not invariably rise to such clear and conclusive manifestation of want of ordinary prudence as to warrant a court in ruling as matter of law that there is want of due care. Facts are often present which require the court to say as a matter of law that no person of ordinary prudence would do the act which accompanied the injury. Although the terms "knowledge of danger" and "appreciation of risk" are frequently used in discussion of due care, still these elements in and of themselves do not constitute negligence, as matter of law. These expressions are valuable aids in describing what may be found as matter of fact to constitute negligence. They aptly define what is evidence of negligence, but do not state that which is always such conclusive and indubitable want of care as to constitute negligence as matter of law. The established standard is whether, taking everything into account, the act is one which the common sense of mankind pronounces want of such prudence as the ordinarily careful person would use in a like situation. It is hard to conceive of anything more universally known to be plainly liable to cause a person to slip than ice, yet it has not infrequently been held that knowledge of the presence of ice on the part of one attempting to pass over it, sometimes even when there is another way open, is not such evidence of negligence as to warrant the court in ruling as a matter of law that the person injured by the attempt to get over the slippery place is precluded from recovery by negligence. *Dewire* v. *Bailey*, 131 Mass. 169. *Dipper* v. *Milford*, 167 Mass. 555. *Foster* v. *Old Colony Street Railway*, 182 Mass.

378.  *Fleck* v. *Union Railway*, 134 Mass. 480.    *Gilbert* v. *Boston*, 139 Mass. 313.    *Mahoney* v. *Dore*, 155 Mass. 513.    *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155.    *Urquhart* v. *Smith & Anthony Co.* 192 Mass. 257.   The instructions upon this branch of the case were accurate and sufficiently amplified to enable the jury to pass intelligently upon the facts in evidence. It seems plain that no court would be justified in ruling as matter of law that observation of loose pieces of mortar and powdered plaster rendered a walk so obviously dangerous as to stamp the act of attempting to pass over it as one that no reasonable person would undertake. *Mosheuvel* v. *District of Columbia*, 191 U. S. 247.

The case is also close on the negligence of the defendant. The material upon the steps does not appear to have been great in quantity or obviously of imminent danger in its character, yet considering all the circumstances, the smoothness of the step, which was of cement and glass set in an iron framework, the lumpiness of some of the mortar, and the fact that the place was evidently prepared as an entrance to a store where business was being conducted as usual notwithstanding the reconstruction of the front of the building, we cannot say as matter of law that this question was not for the jury.   It is strongly argued that there is nothing to show that the condition complained of had existed for such a length of time as to charge the defendant with liability. But there was some evidence tending to show that the mortar splashed upon the step and had dried and had been trodden into the store and upon the sidewalk by the feet of persons passing through it.   These considerations, coupled with the fact that the defendant must have known that the repairs were in progress, and had for that reason provided a temporary entrance to his store for customers, were enough to warrant a finding that the situation had existed under such circumstances and for such a period of time that in the exercise of reasonable care for the safety of his patrons he ought to have known about it and was thus charged with responsibility.   The due care of a storekeeper upon one of the principal streets of a large city as to the access to his premises fairly may be found by a jury to require a considerable degree of inspection and supervision.

*Exceptions overruled.*