19185. HEATH *v.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY *et al.*

Decided April 12, 1929.

*Allen & Pottle,* for plaintiff.

*Jones, Jones & Johnston, Hines & Carpenter,* for defendants.

JENKINS, P. J.   The petition alleges: that the defendants operate a line of railroad along Wayne street, the main business street of the city of Milledgeville, and at the time of the alleged injury were engaged in changing the line of railroad from the side of the street to the center thereof; that in performing this work they were using large quantities of stones of various sizes; that at the intersection of Wayne street with Hancock street there was a passway for pedestrians from the east corner to the west corner, which was in constant use by pedestrians generally.   The petition shows that the plaintiff knew that loose stones were scattered on the sidewalk or crossway, but was unaware of the danger incurred in crossing the street, and that, using all possible care and diligence, she undertook to cross Wayne street along such generally-used passageway, and in so doing stepped upon one of the loose stones and fell, causing described injuries.   It is alleged that the defendants were negligent in permitting such stones to be and remain in the pathway constantly used by pedestrians, and that such negligence constituted the sole proximate cause of the injury.   The defendants demurred generally and specially, and the court, without passing upon the special demurrer, sustained the general demurrer and dismissed the petition, on the theory that the petition shows on its face that the plaintiff did not exercise ordinary care.   What constitutes negligence on the part of a defendant, what constitutes the proximate cause of an injury, and what amounts to a failure to exercise ordinary care on the part of a plaintiff, are generally questions for the jury.   *Mayor &c. of Americus* v. *Johnson,* 2 *Ga. App.* 378, 380 (58 S. E. 518); *Holliday* v. *Mayor &c. of Athens,* 10 *Ga. App.* 709, 715 (74 S. E. 67).   "The fact that a traveler voluntarily attempts to pass, with knowledge of the defect or obstruction, is not ordinarily conclusive evidence of a want of due care; but if he has or ought to have notice thereof, he must exercise such care as the circumstances demand."   *Idlett* v. *Atlanta,* 123 *Ga.* 821, 823 (51 S. E. 709); *Harrell* v. *Macon,* 1 *Ga. App.* 413 (58 S. E. 124). In the instant case this court is unable to say as a matter of law that the plaintiff failed to exercise ordinary care in attempting to

use the passageway across a public street, and, as she says that in doing so she used all possible prudence, as against general demurrer the petition set forth a cause of action.

*Judgment reversed. Stephens and Bell, JJ. concur.*