22988. CITY COUNCIL OF AUGUSTA *v.* BRASSELL.

STEPHENS, J. 1. A petition in a suit to recover damages for physical injuries received by the plaintiff is not subject to special demurrer on the ground that the allegations as to the plaintiff's injuries are insufficient to show that the plaintiff will continue to suffer from the injuries for the rest of her life and that her arm which was injured is totally disabled, where the petition alleges that the plaintiff broke her right arm and both bones below the elbow, and that she suffered and still suffers pain from such injury and is totally disabled.

2. The violation by a pedestrian of a valid ordinance of a city which prohibits pedestrians from crossing a street except at designated points, which is commonly known as "jay walking," although it may constitute negligence per se, does not as a matter of law bar a recovery against the city for injuries received when crossing the street at a place prohibited by law, by stepping into a hole in the street, left there as a result of the city's negligence in failing to keep the street in repair. In a suit by such a person against the city to recover damages for the injuries sustained as a result of the alleged negligence of the city in maintaining the hole in the street, it is a question of fact for a jury whether the negligence of the defendant as alleged, or the negligence of the plaintiff in crossing the street in violation of law, was the proximate cause of the injury.

3. Upon the trial of a suit brought by the injured person against the city to recover damages for the injuries alleged to have been sustained, where

the court instructed the jury that if the plaintiff's violation of the "jay walking" ordinance, which was negligence per se, was the proximate cause of the injury, the plaintiff could not recover, a charge to the jury that the public has a right to use the streets at any point, and that if a person is injured as a result of the city's negligence in failing to keep the street in repair, and not as a result of his own negligence, the person injured would be entitled to recover, was not error prejudicial to the defendant, on the ground that the court thereby instructed the jury that the plaintiff could recover notwithstanding she was violating the "jay walking" ordinance, and that the charge withdrew from the jury a consideration of the defense that the plaintiff, in crossing the street in violation of the ordinance, was guilty of negligence per se. And where the court had charged as indicated, a statement by the court when ruling upon the admissibility of testimony, that the court would allow the plaintiff to testify as to whether she knew of the existence of the ordinance, where she testified that she did not know, did not have the effect of instructing the jury that if the plaintiff did not know of the ordinance she would not be bound by it.

4. The court did not err in stating to the jury that a ministerial duty rested upon the city to keep its streets in a safe condition, upon the ground that it was error to state that the city was bound by an absolute duty to keep its streets safe, where the court immediately afterwards and elsewhere in the charge clearly instructed the jury that the duty resting upon the city in respect to its streets was a duty to exercise ordinary care to keep the streets in a safe condition.

5. Since there was no insistence in the defendant's plea that it was not negligent in failing to repair the alleged defect in the street, after it had acquired notice of the existence of the defect in the street or after the defective condition of the street had been in existence for such a length of time as to charge the defendant with notice, but where the defendant did insist in its plea and undertook to support it by evidence, that the street was not in a dangerous condition, and where the court charged this contention, it was not error, in the absence of a special request, for the court to fail to charge the law with reference to notice or knowledge by the defendant of the defective condition in the street.

6. Although the plaintiff may have known that there had existed a defect in the street at the place where she was injured, but thought that it had been repaired, and did not know when she undertook to cross the street, of the existence in the street of the defect which caused her to fall, she is not barred of recovery upon the ground that in crossing the street with knowledge of the existence of the defect, she was injured as the proximate result of her own negligence.

7. The evidence authorized the inference that there was in the street, about five or six feet from the curbing, a hole or depression in the pavement, of dimensions substantially about two feet wide, three feet long and about four and one-half feet deep, and that the plaintiff, while looking out for traffic when crossing the street, did not observe the hole in the street but stepped into it and received personal injuries as a result of which she suffered intense pain for several weeks and could not sleep without taking opiates, and that her arm which had been broken as a

result of the fall had not healed and the bones had not united, and that it would be some months before there would be a definite union, that the plaintiff was injured as a proximate result of the defendant's negligence in failing to keep the street in repair, and that she was not injured as the proximate result of her own negligence as a matter of law in crossing the street in violation of an ordinance of the city.

8. The verdict for the plaintiff in the sum of $3,000 was authorized.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 24, 1934.

*J. Paul Stephens, William T. Gary,* for plaintiff in error.

*L. L. Fleming, Pierce Brothers,* contra.