### 24343. CITY OF SILVERTOWN v. HARCOURT.

JENKINS, P. J. 1. A municipal corporation is charged with the duty of exercising ordinary care in keeping its streets and sidewalks in a reasonably safe condition, so that persons can pass along them in the ordinary methods of travel with reasonable safety.

2. Knowledge on the part of a city of a defect in one of its sidewalks will be presumed where the defect has continued for such a length of time that, by reasonable diligence in the performance of their duties, its existence ought to have become known to the proper authorities.

3. The mere fact that one using a street or sidewalk may have knowledge of the existence of some defect or obstruction does not always and as

a matter of law constitute such contributory negligence as will in and of itself preclude a recovery, if, in view of such knowledge, the injured person exercised reasonable and ordinary care under the circumstances. This is true for several reasons: (a) A traveler may know of the existence of the defect, yet his knowledge may be slight, remote, imperfect, or insufficient to give a full appreciation of the danger, as where he knew of the generally defective condition of the street or sidewalk, but had no knowledge of the particular defect which caused the injury; and the law does not charge him with such detailed and elaborate knowledge, since ordinary diligence on the part of a person using a street or sidewalk, and ordinary diligence on the part of the city in constructing it and keeping it in repair, do not imply a like degree of vigilance in foreseeing danger and guarding against it. *Samples* v. *Atlanta*, 95 *Ga.* 110 (22 S. E. 135); *Idlett* v. *Atlanta*, 123 *Ga.* 821 (3) (51 S. E. 709); *Heath* v. *Louisville & Nashville R. Co.*, 39 *Ga.* App. 619 (147 S. E. 793); *City Council of Augusta* v. *Brassell*, 48 *Ga. App.* 603 (6) (173 S. E. 440). (b) Or the traveler may have at some previous time observed the defect, and yet the circumstances might be such as would excuse his temporary forgetfulness in not remembering and looking out for it. *Dempsey* v. *Rome*, 94 *Ga.* 420 (20 S. E. 335). (c) Or the traveler, although having knowledge of the existence of a defect, may be unaware of the particular latent and concealed dangerous condition connected therewith which occasioned the injury. *Kent* v. *Southern Bell Telephone &c. Co.*, 120 *Ga.* 980 (48 S. E. 399). (d) Or the traveler may be confronted with some sudden emergency, with no time for deliberation or the exercise of his full judgment, as for example, where one falls into a dangerous ditch or strikes an obstruction after leaping from a vehicle in order to avoid imminent peril, or where in a sudden emergency he crosses a defect in a street in order to avoid a collision; but this rule does not arise in favor of one who knowingly creates an emergency by voluntarily putting himself into the dangerous position. 43 C. J. 1098, § 1863.

4. Where it plainly appears, from the allegations of a petition, that the plaintiff had actual and complete knowledge of the existence and character of the defect, and does not claim or suggest any latent danger or unknown condition involving peril not fully known or understood, but, on the contrary, tacitly, if not in terms, admits such knowledge and seeks to excuse the assumption of the known risk, the negligence of the plaintiff in voluntarily exposing himself to such known and patent risk was, in the absence of some justifying emergency, necessarily equal to that of the city in permitting the continuance of the risk, with the result that, if the city was guilty of a lack of ordinary care in allowing the defect to continue, the plaintiff was equally guilty of a lack of ordinary care in voluntarily subjecting himself to the risk, and can not recover. The courts have frequently referred to such a deliberate and voluntary exposure on the part of a traveler to a danger of which he was fully cognizant as an "assumption of risk" analogous to that assumed by a servant. *Kent* v. *Southern Bell Telephone Co*, supra. See also *Avary* v. *Anderson*, 31 *Ga. App.* 402 (120 S. E. 683).

162

5. Under the foregoing principles of law, it was error for the court to overrule the general demurrer to the petition.

*Judgment reversed. Sutton, J., concurs. Stephens, J., dissents.*

DECIDED APRIL 22, 1935.

*James R. Davis,* for plaintiff in error. *George H. Miller,* contra.

STEPHENS, J., dissenting. I am of the opinion that, from the allegations of the petition, the defendant's negligence proximately caused the plaintiff's injuries, and that the plaintiff was not as a matter of law guilty of negligence barring a recovery. So far as appears from the petition, the only knowledge which the plaintiff had of the alleged dangerous condition of the sidewalk is inferable only from the allegation that the plaintiff undertook to pass over the sidewalk while it was in the dangerous condition alleged. Assuming that the plaintiff may have known that the sidewalk was covered with mud and sand, etc., it does not appear that she knew of the alleged dangerous condition of the sidewalk or appreciated the risk or danger incident to passing over it. In my opinion, the true rule is stated by the Massachusetts Supreme Court in the case of Frost *v.* McCarthy, 200 Mass. 445 (86 N. E. 918), as follows: "The principle is too well settled to require a citation of authorities to support it, that mere knowledge of the danger of doing a certain act, without a full appreciation of the risk involved, is not

sufficient to preclude a plaintiff from recovery, even though there may be added to the knowledge of danger a comprehension of some risk." See quotations at length from this case in *Scott* v. *Rich's Inc.*, 47 *Ga. App.* 548 (171 S. E. 201), and *Lebby* v. *Atlanta Realty Cor.*, 25 *Ga. App.* 369, 371 (103 S. E. 433). Particular attention is directed to the following Massachusetts cases cited in the Frost case, wherein it was held that a person passing over a walkway with knowledge that it was covered with ice was not as a matter of law thereby guilty of such negligence as barred a recovery: Dewire *v.* Bailey, 131 Mass. 169 (41 Am. R. 219); Dipper *v.* Milford, 167 Mass. 555 (46 N. E. 122); Gilbert *v.* Boston, 139 Mass. 313 (31 N. E. 734); Mahoney *v.* Dore, 155 Mass. 513 (30 N. E. 366); Fitzgerald *v.* Connecticut River Paper Co., 155 Mass. 155 (29 N. E. 464, 31 Am. St. R. 537); Urquhard *v.* Smith & Anthony Co., 192 Mass. 257 (78 N. E. 410).

I am of the opinion that the petition set out a cause of action, and that the trial court did not err in overruling the demurrer. I therefore dissent from the judgment of reversal.