## 25283.  CITY OF ROME *v.* GORDON.

STEPHENS, J.  1. A municipal corporation is under a duty to use ordinary care to maintain its sidewalks in a condition reasonably safe for persons lawfully using them. *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318).

2. A pedestrian using a sidewalk which a municipal corporation is negligent in maintaining in a condition unsafe for travel is not, as a matter of law, guilty of negligence barring a recovery in failing to observe the condition in the sidewalk, although it may be patent and could be observed by the pedestrian if he would look, where it does not appear that by looking he would have a full appreciation of the danger and the risk involved in using the sidewalk. *City of Silvertown* v. *Harcourt,* 51 *Ga. App.* 160 (179 S. E. 772).

3. Where a meter-box located in a sidewalk was in such condition respecting the adjustment of its top that when a person using the sidewalk

stepped on the top of the meter-box the top would move or give way, and his leg would likely be precipitated into a hole in the meter several feet deep, and the defective condition of the top was known to the authorities of the city, the inference is authorized that the city was guilty of a failure to exercise ordinary care in the maintenance of the sidewalk. A pedestrian using the sidewalk, although by looking he could observe the defective condition of the meter-box top, where it does not appear that in so observing the condition of the meter-box he would necessarily have a full appreciation of the danger and risk incidental to stepping on the top of the box, is not, in stepping upon the top of the box without looking, and receiving an injury to his leg by the top of the meter-box slipping or giving way and his leg being precipitated into the hole several feet deep containing the meter-box, thereby as a matter of law guilty of negligence barring a recovery.

4. Whatever knowledge of a municipal corporation respecting a defective condition of one of its sidewalks is necessary to render it guilty of negligence in the maintenance of the sidewalk where a pedestrian is injured as a result of such defective condition, such knowledge must have been had by the municipality a sufficient time before the infliction of the injury to render the municipality negligent in failing to repair or remedy the defective condition after receiving knowledge of such condition. Where, in a suit to recover damages from personal injuries alleged to have been sustained by the plaintiff as a result of an alleged defect in the defendant's sidewalk, it is alleged in the petition that before the date of the injury the city manager of the defendant and other named employees of the city had repeated notice of the defective condition of the sidewalk and sent employees of the city to repair this condition, the allegation is sufficient as to when the city manager and the other employees received notice of the alleged defect, and how and in what way or manner the manager and the other employees received repeated notice of the unsafe condition.

5. The petition set out a cause of action, and was good against the demurrer. The evidence authorized the verdict for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JUNE 18, 1936.

*W. B. Mebane,* for plaintiff in error.
*Maddox, Mathews & Owens,* contra.