### 35871. WHITE v. CITY OF MANCHESTER.

DECIDED SEPTEMBER 28, 1955.

*Swinson, Elliott & Schloth,* for plaintiff in error.

*Geo. C. Kennedy,* contra.

TOWNSEND, J. ■ Merely "filing" an amendment without having it "allowed" by the court is not sufficient to constitute such purported amendment a part of the record in the case. *Maxwell* v. *Cofer,* 201 *Ga.* 222, 226 (39 S. E. 2d 314); *Johnson* v. *Vassar,*

143 *Ga.* 702 (85 S. E. 833). Accordingly, since it appears from the record that the court did not sign the order allowing the paper denominated "Third Amendment," the fact that it bears the notation, "Filed in office June 18, 1955, A. D. Herring, Clerk," is not sufficient to require its consideration as a part of the record in this case, and the sufficiency of the allegations will be decided without reference thereto. This case differs from *Newill* v. *Atlanta Gas Light Co.*, 48 *Ga. App.* 226 (172 S. E. 232), in that there the judge signed an order that the amendment be filed, and the clerk made a notation that it had been filed, so that the holding amounts to a construction of the court's order as an "allowance" of the amendment. No such order appears here, and no such order was signed by the court.

■ Code § 105-603 provides as follows: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." While a municipal corporation owes to those using its streets and sidewalks the duty to exercise ordinary care in keeping them in a safe and usable condition (*City Council of Augusta* v. *Brassell,* 48 *Ga. App.* 603, 173 S. E. 440), even a violation of this duty will not result in a recovery by an injured plaintiff if, by the use of ordinary care for her own safety, she could have avoided the results of the negligence of the defendant. *Wilson* v. *City of Atlanta,* 63 *Ga.* 291 (3). Therefore, for the plaintiff to recover in this case, she must show that she could not have seen the defective condition of the steps in the exercise of ordinary care. *Lane Drug Stores* v. *Story,* 72 *Ga. App.* 886 (35 S. E. 2d 472). The plaintiff alleges that she was walking down a sidewalk in broad daylight (9:30 a. m.) toward three steps, which extended from the end of the sidewalk to the street level, that on the first of these steps there was a large crack, so that one side of the step was about an inch higher than the other side, and that her heel caught in this crack. She does not allege any facts from which it would be inferable that there would be some reason for her failing to see so large and obvious a crack, or so pronounced a slant in the elevation of the steps, other than that "the specific defect complained of was located on the first step descending," and "the line

of vision of a pedestrian approaching in a northerly or westerly direction was blocked by the edge of the sidewalk."

While it is true that the first step, descending, is lower in level than the corridor approaching the flight of steps, and so would perhaps block a pedestrian's vision of such first step from some distance away, it is common knowledge that, as one approaches and reaches the step, preparatory to lowering the foot upon it, it comes into view. Accordingly, the allegation can only mean that, as the plaintiff arrived at and placed her foot down upon the step, she neglected to look, or so much as glance at it, her line of vision being no longer blocked at that point.

The alleged defect in the cement stairs here is much more obvious than that which was held, as a matter of law, in *Banks* v. *Housing Authority of the City of Atlanta,* 79 *Ga. App.* 313 (53 S. E. 2d 595), to have been so patent as to preclude a recovery. There the cement stairs not only sloped toward the front, as here, but they were hollowed out in the tread, and the hollow filled with ice from freezing rains, and there was no crack, as is here alleged, large enough to catch the heel of a woman's shoe. The plaintiff having failed to allege any facts sufficient to explain and excuse negligence on her part in failing to see the patent defect, the petition shows on its face that she failed to exercise ordinary care for her own safety.

Accordingly, the trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*