36317. HUEY *v.* NIX *et al.*

DECIDED OCTOBER 23, 1956.

499

500

*Hudson & Hudson*, for plaintiff in error.

*Hurt, Gaines & Baird, Moise, Post & Gardner*, contra.

QUILLIAN, J. A landlord is under a legal duty to keep the rented premises in a safe condition and is therefore liable to a person who receives an injury while lawfully upon the premises and is in the exercise of ordinary care, if the injury is the result of a defect which is known to the landlord or in the exercise of reasonable diligence could have been known. *Stack* v. *Harris*, 111 *Ga.* 149 (36 S. E. 615); *Ocean Steamship Co.* v. *Hamilton*, 112 *Ga.* 901 (38 S. E. 204); *Ross* v. *Jackson*, 123 *Ga.* 657 (51 S. E. 578). Code § 105-603 provides: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." Therefore, if the plaintiff by the use of ordinary care could have seen the defect in the steps, she should not be allowed to recover in this action because she would not have been in the exercise of ordinary care for her own safety. *Wilson* v. *City of Atlanta*, 63 *Ga.* 291 (3); *City Council of Augusta* v. *Brassell*, 48 *Ga. App.* 603 (173 S. E. 440); *White* v. *City of Manchester*, 92 *Ga. App.* 642 (2) (89 S. E. 2d 581). The question then arises whether the plaintiff should have seen the defect by the use of ordinary care.

There is no allegation in the petition from which it would be inferable that there was any reason for the plaintiff to have failed to see the different widths of the steps. The petition did allege that the steps were all the same color, but there was no allegation that this caused an optical illusion causing her to misjudge the width of the steps. The plaintiff having failed to allege any facts sufficient to explain and excuse her negligence in failing to observe the different widths of the steps, the petition shows on its face that the plaintiff was not in the exercise of ordinary care for her own safety.

The trial judge did not err in sustaining the general demurrers and dismissing the petition.

*Judgment affirmed. Felton, C.J., and Nichols, J., concur.*