37251. GRIFFIN *v.* CITY OF ROME.

DECIDED SEPTEMBER 4, 1958.

*Harris & Harris,* for plaintiff in error.
*Horace T. Clary,* contra.

FELTON, Chief Judge. The city relies on *White* v. *City of Manchester,* 92 *Ga. App.* 642 (89 S. E. 2d 581) which states, "The plaintiff having failed to allege any facts sufficient to explain and excuse negligence on her part in failing to see the patent defect, the petition shows on its face that she failed to exercise ordinary care for her own safety," and on McQuillin on Municipal Corporations, Vol. 19, p. 452, § 54.123, which states, "At the same time, defects may be so obvious that a traveler must see them if he is paying any attention to where he is going,

and in such a case the failure to observe the defect is generally held to be contributory negligence on the theory that it is not the act of an ordinarily prudent person," to sustain its contention that the nonsuit was properly awarded. The city does not contend that the plaintiff's evidence positively shows that she should have or could have discovered the defect and avoided stepping therein and falling but contends that the plaintiff does not show why she could not have discovered and avoided the consequences of an obvious and patent defect. Assuming for the sake of argument that the plaintiff's testimony properly construed does not show any reason for her failure to discover the defect and that the authorities cited by the defendant are applicable, still the other evidence in the case takes it out of the principle cited by the defendant city.

Mr. Allen Williams testified that he had had experience in working with concrete and that he examined the hole in the sidewalk a day or so after the plaintiff had fallen. He testified, "I examined that hole when I went back and looked at it, looked at it when I went down. I examined the looks of the concrete inside the hole. The hole, where it had been dug, was the same color as the rest of the sidewalk, and it made the hole hid. If you didn't just look—happened to be looking right at it, you couldn't see it. . . From my examination of the hole in the sidewalk I wouldn't say the length of time it had been there exactly. It had been there a pretty good while, it had been there long enough to get back in the same color as the rest of the sidewalk. I would say eight or ten months or a year, just guessing."

Charles Grace testified that he had been in the concrete business and that he examined the hole; that he was familiar with what takes place when concrete is broken and exposed to the air; that when concrete is exposed to the air it will eventually return to its natural color. He further testified, "I didn't notice any dirt in the hole. It was the same color as the outer part of the sidewalk. There was no dirt in the hole as I noticed it."

The testimony of these two witnesses was sufficient to authorize a finding that the defect in the sidewalk was not an obvious and patent defect and clearly presented a jury question as to whether or not the plaintiff exercised ordinary care for her own safety.

The court erred in awarding the nonsuit.

Judgment reversed. *Quillian and Nichols, JJ., concur.*