38241, 38242. GRAYSON *v.* CITY OF ATLANTA (two cases).

CARLISLE, Judge. 1. "A municipal corporation 'is bound to use ordinary care to keep its public streets and sidewalks which are open for public use in a reasonably safe condition for passage.' *Herrington* v. *Macon,* 125 *Ga.* 58, 61 (54 S. E. 71). For a failure to exercise this care, it will be liable for resulting injuries, 'no matter by what cause the street or sidewalk may have become defective or unsafe, where the city knew or should have known of the defect in time to repair it or to give warning of its existence.' *McFarland* v. *McCaysville,* 39 *Ga. App.* 739 (148 S. E. 421)." *Coker* v. *City of Rome,* 53 *Ga. App.* 533, 534 (1) (186 S. E. 585). *City of Silvertown* v. *Harcourt,* 51 *Ga. App.* 160 (1) (179 S. E. 772); *City of Rome* v. *Gordon,* 53 *Ga. App.* 536 (1) (186 S. E. 439).

2. Even a minor defect in the sidewalk by reason of which the plaintiff is injured will render the municipality liable therefor if it appears that it has existed for a sufficient length of time to put the city on notice thereof. *Coker* v. *City of Rome,* 53 *Ga. App.* 533, supra.

3. "If such danger or defect has existed for such length of time, that by reasonable diligence in the performance of their duties, the danger or defect ought to have been known by the proper authorities, notice will be presumed and proof of actual knowledge will not be necessary to render the municipality liable for injuries occasioned thereby." *City of Dalton* v. *Joyce,* 70 *Ga. App.* 557, 561 (29 S. E. 2d 112) ; *Duren* v. *City of Thomasville,* 92 *Ga. App.* 706, 709 (89 S. E. 2d 840) ; see also *City of Silvertown* v. *Harcourt,* 51 *Ga. App.* 160 (2), supra. Accordingly, where the petition alleges that the defect had existed for several months prior to the date of the injury sustained by the plaintiff, and that the defendant municipality was negligent in failing to repair the defect after it knew or should have known thereof, such allegations were sufficient, as against a general demurrer, to show constructive knowledge of the defect and negligence on the part of the municipality.

4. "A pedestrian using a sidewalk which a municipal corporation is negligent in maintaining in a condition unsafe for travel is not, as a matter of law, guilty of negligence barring a recovery in failing to observe the condition in the sidewalk although it may be patent and could be observed by the pedestrian if he would look, where it does not appear that by looking he would have a full appreciation of the danger and the risk involved in using the sidewalk. *City of Silvertown* v. *Harcourt,* 51 *Ga. App.* 160 (179 S. E. 772)." *City of Rome* v. *Gordon,* 53 *Ga. App.* 536 (2), supra. Even prior knowledge on the part of the plaintiff of the existence of the defect will not bar a recovery. *City of Silvertown* v. *Harcourt,* supra.

5. Where it appeared from the petitions that the defect consisted of a depression in the sidewalk which was saucer shaped some two feet wide and three to four inches deep with an unevenness between paving tiles at one edge thereof of some three quarters of an inch upon which unevenness the plaintiff stepped and was precipitated thereby to the surface of the sidewalk sustaining the injuries sued for, and where it appears from the allegations of the petitions that the color of the sidewalk was a dull gray, that the surface was obscured by shadows, that the depression was created by a gradual sloping angle of one of the tiles of the sidewalk while the surface of an adjoining tile was level and even, and

that there was thus created an illusion of a level and even surface and that the unevenness was not readily perceptible, under the authorities herein referred to, it was a jury question as to whether the defendant municipality was negligent in maintaining the sidewalk in the condition alleged and whether the defendant had knowledge of that condition for a sufficient length of time to have afforded it an opportunity to repair the condition, and it was, likewise, a jury question as to whether or not the plaintiff was guilty of such contributory negligence in failing to observe the condition as would bar recovery. Accordingly, the trial judge erred in sustaining the general demurrers to the petitions of the plaintiffs seeking to recover for the injury to Mrs. Grayson occasioned by her stepping on the defective place in the sidewalk and falling as the result thereof.

*Judgments reversed. Gardner, P. J., Townsend and Frankum, JJ., concur.*

DECIDED MAY 2, 1960.

*Carpenter, Karp & Mathews, A. Tate Conyers,* for plaintiffs in error.

*J. C. Savage, Newell Edenfield, Ralph C. Jenkins,* contra.