38388. CITY OF BAINBRIDGE v. YOUNGBLOOD.

DECIDED JUNE 29, 1960—REHEARING DENIED JULY 14, 1960.

198

*Conger & Conger*, for plaintiff in error.

*Vance Custer, Charles A. Kirbo, Harold Lambert*, contra.

GARDNER, Presiding Judge. 1. It is conceded that under *Code* § 105-603 the plaintiff would not be entitled to recover if she could have avoided the injury by the use of ordinary care. See *White v. City of Manchester*, 92 Ga. App. 642 (89 S. E. 2d 581); and *Lane Drug Stores v. Story*, 72 Ga. App. 886 (35 S. E. 2d 472). The street where this accident occurred was in a very dilapidated condition as shown by pictures referred to hereinabove. Even if the plaintiff could possibly have known that the street was in a bad state of repair, when we look at the pictures shown in the record, it is comprehensible to us that she could not very well have walked across this expanse of defective sidewalk without being injured, even though she might have thought she could have. It is the duty of a municipality to keep streets and sidewalks in a reasonably safe condition for travel in the ordinary mode.

The jury in the instant case determined that the defendant was negligent in failing to maintain the sidewalks in a reasonably safe condition. There are many, many cases holding that, when a municipality fails in this respect, it is liable for injuries sustained by a person who is using reasonable care for his or her own safety.

When a jury has passed on the facts in a case the appellate courts are constrained not to reverse the verdict of the jury. In this respect the Supreme Court said in *Ingram v. State*, 204 Ga. 164, 184 (48 S. E. 2d 891): "In passing on the general grounds of a motion for new trial, this court passes not on the weight but on the sufficiency of the evidence. It is our duty to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proof submitted to the jury. We are not called upon to say whether, had we been in the place of the jury, we might have found the accused guilty of a lesser offense. It was the province of the jury, and theirs alone, to put their appraisal upon the proofs submitted to them."

It is never error for a trial court to refuse to direct a verdict. It is clear to us that no error was committed in this respect in the case at bar. The evidence is clear and conclusive that the defendant was negligent in maintaining the sidewalks. There is no evidence to show that the plaintiff did not exercise ordinary care for her own safety. There is no merit to the contention that the trial court erred in overruling the motion for a judgment notwithstanding the verdict. Failure to grant a motion for a judgment notwithstanding the verdict is reversible error only where the evidence shows conclusively that the jury arrived at an obviously incorrect verdict.

The overruling of the motion for new trial shows no cause for reversal.

*Judgment affirmed. Townsend, Carlisle and Frankum, JJ., concur.*