40906, 40907.   LACY v. CITY OF ATLANTA; and vice versa.

DECIDED OCTOBER 22, 1964—
REHEARING DENIED DECEMBER 15, 1964.

*Walter B. Fincher*, for plaintiff in error.

*Henry L. Bowden, Ferrin Y. Mathews*, contra.

RUSSELL, Judge. ■ On the issue of contributory negligence, the plaintiff's testimony was that she fell while crossing over the defective strip of sidewalk adjacent to the driveway of her home at about 3 p.m.; the sun was shining; she traversed this area about twice a week; she was unable to step out in the street and go around it because traffic was heavy, five or six cars went by, enough to keep her from going out in the street; she could have walked around it on the ground but didn't want to get scratched by the shrubbery; she was careful and was watching where she put her feet because she recognized the danger of a possibility of falling; she placed her foot carefully, looking at the slab as she did so; her foot did not slip off the slab but due to the fact that the dirt under one part of it had been washed away the block broke under her weight, causing her to fall; her foot slipped after the slab or brick broke, when it broke she slid, her foot slipped and she fell; she could not tell by looking down at the concrete as she placed her foot on it that it was washed out underneath; there were other pieces of the sidewalk lying there that had been broken and knocked out; she had observed previously where it looked like pieces had been washed out and broken off; she stepped on the slab in question with her left foot, carefully, looking at it. Photographs introduced in evidence show an area of deteriorated block sidewalk immediately adjacent to a driveway, with shrubbery on one side and a tree on the other. The latter filled the area between the walk and the street curbing and its roots had apparently pushed up under the octagonal cement blocks so that they were broken into small pieces throughout the width of the walkway. Some are lying in their original positions; others are missing and a heavy sod of grass has grown up between them in the cracks and exposed area. The pictures suggest

uneven terrain where a passer-by might easily be caught off balance by stepping on the edge of a broken piece of block, but do not suggest an area where the blocks themselves would be lying on an uneven or washed-out surface.

There was uncontradicted evidence that the sidewalk had been in its defective condition for a period of years, which would permit a jury to find negligence on the part of the defendant municipality. *City of Camilla v. May*, 70 Ga. App. 136 (27 SE2d 777). The difficult question is whether the plaintiff in walking over the area under these circumstances was guilty of such clear and palpable negligence as to bar her recovery as a matter of law, that is, whether the danger was so obvious that she must be said to have assumed the risk of any injury which occurred, no matter how carefully she was, in her own opinion, proceeding. The plaintiff did not misplace her foot and slip off the edge of a stone, but intentionally put her foot on a block which looked solid to her, but which was not solid and broke under her weight. *Grayson v. City of Atlanta*, 101 Ga. App. 575 (4) (114 SE2d 459) holds: " 'A pedestrian using a sidewalk which a municipal corporation is negligent in maintaining in a condition unsafe for travel is not, as a matter of law, guilty of negligence barring a recovery in failing to observe the condition in the sidewalk although it may be patent and could be observed by the pedestrian if he would look, where it does not appear that by looking he would have a full appreciation of the danger and risk involved in using the sidewalk. *City of Silvertown v. Harcourt*, 51 Ga. App. 160 (179 SE 772).' *City of Rome v. Gordon*, 53 Ga. App. 536 (2) [186 SE 439]. Even prior knowledge on the part of the plaintiff of the existence of the defect will not bar a recovery." See also *Dempsey v. City of Rome*, 94 Ga. 420 (20 SE 335); *Heath v. Louisville &c. R. Co.*, 39 Ga. App. 619 (147 SE 793); *City of Rome v. Phillips*, 37 Ga. App. 299 (139 SE 828); *City of Rome v. Hanson*, 57 Ga. App. 222 (194 SE 887); *City of Bainbridge v. Youngblood*, 102 Ga. App. 195 (115 SE2d 696). "There is no rule of law in this State that where a defect or dangerous excavation exists in a highway and is known to one who elects to use such highway, such election, even if justified by the dictates of ordinary prudence, must, as a

matter of law, entail the consequences of a want of ordinary care and prudence." *Harrell v. Mayor &c. of Macon*, 1 Ga. App. 413 (1) (58 SE 124). Sidewalks have no purpose except that of being walked on; it is the duty of municipalities who maintain them to keep them passable; the mere fact that a city has refused to do its duty in this regard for a number of years does not mean that every person who endeavors to use the way is lacking in ordinary care as this would in effect make the city's negligence its defense. In the present case the general defective condition was patent, but the instability of the particular block which caused the injury was not so. The case fits most nearly within the facts of *City of Atlanta v. Martin*, 88 Ga. 21 (13 SE 805). There a 40 year old woman, familiar with the sidewalk, walked over it after some heavy rains had apparently loosened the substrata, a piece of sidewalk crumbled off or gave way, and she fell into an adjoining ditch. She testified that she knew it was not a paved street and not very good; her husband testified that one had to be very careful in walking along there, especially in wet weather, and that "he knew all the time that the sidewalk was a desperate place." In both cases the plaintiff admitted knowledge of the walkway and its general condition, admitted knowing one had to be careful traversing it and insisted that she was proceeding carefully; in both cases the walkway broke or crumbled under her step and the plaintiff lost her balance and fell. *Martin* specifically holds that the facts of that case were sufficient to make a jury question on contributory negligence and the same result obtains under the facts here. It was error to grant a judgment for the defendant notwithstanding the verdict in favor of the plaintiff.

In arriving at this conclusion the question arises as to the meaning of the following portion of the direct examination: "Q. State to the jury what you saw in relation to the dirt where the concrete slabs had been removed and broken away. A. Well, washed out from under. Q. In other words, washed out from under, the part that was not broken? A. This is right. Q. You saw that, didn't you? A. Yes. Q. With your own eyes? A. Yes." This immediately followed testimony as to how the plaintiff fell, and the question is whether she meant that she knew

this slab was undermined before or after the fall. Later testimony was as follows: "Now, Mrs. Lacy, by looking down could you have seen the condition of this concrete slab here that broke off, could you tell by looking down whether it was washed out underneath it or not? A. No. Q. I am speaking of the one that your foot slipped off of when it broke. A. No." We think construction of these two portions of the plaintiff's testimony taken together means that she ascertained after her fall that the slab on which she stepped broke under her weight because the dirt under it had been washed away, not that she knew prior to the fall either that the cement block or the blocks generally in that area had been so undermined. In any event, an inference to this effect would have been authorized by the jury, and that view of it most favorable to upholding the verdict will be accepted here in evaluating the evidence.

■ A new trial was granted on the fifth special ground only. The court had charged: "If you find the defendant allowed the sidewalk to remain out of repair or in a dangerous condition, the absence of lights or other safeguards of any character as to the place may be considered along with the other evidence in determining whether there was negligence in failing to keep the streets in a reasonably safe condition for passage." Negligence, to be actionable, must be the proximate cause or a part of the proximate cause of the injury received. *Griner v. Groover*, 97 Ga. App. 753 (104 SE2d 504); *Stallings v. Georgia Power Co.*, 67 Ga. App. 435 (20 SE2d 776). Lights and other like safeguards would have warned the passer-by that the sidewalk was in a defective condition, but this the plaintiff already knew. They would not have specifically warned her of the defect she did not know, that is, that the block on which she stepped would break under her weight. Accordingly, any warning the city might have erected would not have prevented the plaintiff's injury and the failure to erect such a warning was not negligence as to her because it was not a part of the proximate cause of her injury. There was no evidence to sustain the allegations of negligence to this effect in the plaintiff's petition and the court should not have so instructed the jury as to allow a recovery merely because of negligence in failing to put up lights or other like safeguards.

Error is assigned in the cross bill of exceptions on the instruction: "If the plaintiff proves by the evidence that the defendant committed one or more of such allegations of negligence, this will be sufficient insofar as proof of negligence is concerned." Immediately thereafter the court added that the jury must also find the negligence alleged to be the proximate cause of the plaintiff's injury. The identical charge was attacked in *Dowis v. McCurdy,* 109 Ga. App. 488 (136 SE2d 389) on the ground that it eliminated from the consideration of the jury whether the allegation of common law negligence in some of the grounds was in itself sufficient in the jury's estimation to show, if proved, a failure on the part of the defendant to exercise ordinary care. A similar instruction was attacked in *Ga. Hydratane Gas v. White,* 110 Ga. App. 826, on the ground that one of the allegations of negligence was unsupported by proof. The attack here is on the basis that the allegation that defendant was negligent in failing to warn the plaintiff, although such failure to warn was proved, would not support a recovery because not part of the proximate cause of injury. The court here instructed the jury as to proximate cause in the same connection, for which reason the instruction does not constitute reversible error, although, as pointed out in *Dowis* it is essentially incomplete and is not approved by this court.

The defendant also objected to evidence offered by a witness who testified that she had notified the city prior to the plaintiff's injury of the defective condition of the sidewalk, and that after the plaintiff was injured the sidewalk was repaired. As to the subsequent repairs, the testimony should have been rejected and the 7th ground of the motion for a new trial sustained. Evidence of repairs is not usually admissible on the trial of a negligence case. *Flint River Cotton Mills v. Colley,* 71 Ga. App. 288 (30 SE2d 426) ; *Atlantic C. L. R. Co. v. Sellars,* 89 Ga. App. 293 (79 SE2d 35). The testimony did not connect up the making of the repairs with the witness' notification of the defective condition so as to make the testimony relevant and therefore admissible for this purpose. *Great Cosmopolitan Shows v. Petty,* 7 Ga. App. 236 (2) (66 SE 624). The telephone conversation itself, however, was not subject to the objection urged in special ground 6

that it should be stricken as hearsay for the reason that the witness did not identify the person with whom she spoke. She testified that she had, prior to the plaintiff's injury, looked up the telephone number and called the city hall, that the telephone was answered with the words, "City Hall," that she explained she wanted to report on the condition of the sidewalk, and "the young lady passed me on to another and passed around two or three times and finally I got the message over to them." Since the evidence is positive that the witness was speaking with persons at the defendant's place of business, the city hall, and that after ascertaining the nature of her call she was referred to some particular person to take the notice, it will not be assumed that the witness was put in communication with a city employee who was in fact unauthorized to receive the information. Special ground 6 is without merit.

The trial court properly granted the motion for a new trial but improperly granted the motion for judgment notwithstanding the verdict.

*Judgment affirmed in part and reversed in part on the main bill and the cross bill of exceptions. Nichols, P. J., and Hall, J., concur.*