ELEANOR L. PERRY *vs.* LOEW'S BOSTON THEATRES COMPANY.

Norfolk.    May 22, 1935. — June 26, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Negligence,* Contributory, Of proprietor of theatre. *Proximate Cause.*

Evidence, that one attending a performance in a dimly lighted theatre found a seat and asked an usher to guide him to a better one, which being refused, he started alone down a flight of steps toward another seat, fell and was injured, with no evidence of any defect in the steps, did not show that the usher's refusal, if negligent, was the proximate cause of the fall and did show that if the proprietor was negligent as to the lighting of the theatre, the patron was guilty of contributory negligence.

TORT.    Writ in the Municipal Court of Brookline dated February 3, 1931.

On removal to the Superior Court, the action was tried before *O'Connell*, J. The verdict for the plaintiff was for $1,396.

*H. W. Ogden*, for the plaintiff.

*J. F. Cavanagh*, for the defendant.

LUMMUS, J. This is an action of tort for alleged negligence brought by a theatregoer against a theatre owner. *Tovey* v. *G. E. Lothrop Theatres Co.* 288 Mass. 346. After the return of a verdict for the plaintiff, the judge reserved leave under G. L. (Ter. Ed.) c. 231, § 120. The bill of exceptions asserts that the judge then allowed a motion that "judgment be entered for the defendant *non obstante veredicto*." We infer that what actually happened was merely that the judge entered a verdict for the defendant under the reserved leave. *Goetze* v. *Dominick*, 246 Mass. 310. *Karlowski* v. *Kissock*, 275 Mass. 180. The exception of the plaintiff to this action presents the only important question of law. That question is, whether there was evidence to warrant the verdict for the plaintiff.

The following was the evidence to support the verdict. On January 3, 1931, in the afternoon, the plaintiff and her fourteen year old son bought tickets and entered the balcony of the theatre, which was pretty well filled. Entering by an aisle which ran across the balcony a considerable distance from the front, they found seats at the level of that aisle. The son did not sit down, for the plaintiff sent him to ask an usher, who was standing some distance away, to show them to seats farther front, where they could get a better view. Ushers had been instructed to aid patrons in finding seats, and to use a flashlight to light the way of patrons down stairs. The son did as directed, but the usher answered, "Find your own seats." Apparently the son returned and reported the conversation to the plaintiff.

From the aisle where the plaintiff was sitting, stairs led down to the front of the balcony. The light was dim, most of it coming from the stage, where a vaudeville performance was in progress. The plaintiff saw two seats being vacated in the front part of the balcony, and sent her son to hold them. She saw him go down the stairs, and stand beside

the vacant seats. Then she started to go to him, but owing to the darkness she lost her footing on the stairs, and fell. There was no evidence of any defect in the stairs.

Even if the defendant failed in its duty by the refusal of the usher to show the plaintiff to a seat in front, that failure did not cause the fall. After that, the plaintiff, knowing that to reach the seats she desired she must go down stairs in a condition as to darkness that was apparent to her, undertook to reach the desired seats without aid. It is of course difficult to measure light by testimony and to determine whether the actual condition was such as to warrant a finding of negligence. See *Rosston* v. *Sullivan*, 278 Mass. 31. But if it was negligent of the defendant to have no more light on the stairs, it must have been negligent of the plaintiff voluntarily to descend them without more light. See *Benton* v. *Watson*, 231 Mass. 582, 584; *Burke* v. *Crimmins*, 256 Mass. 14; *Osgood* v. *Therriault*, 290 Mass. 513, 516.

The other exceptions have become immaterial.

*Exceptions overruled.*