Leon H. Winchester, administrator, *vs.* Marion Solomon.

Worcester.    September 22, 1947. — November 7, 1947.

Present: Qua, C.J., Lummus, Dolan, Ronan, & Wilkins, JJ.

*Negligence,* Employer's liability: assumption of risk, place of work, snow and ice; Contributory. *Snow and Ice. Pleading, Civil,* Answer.

In an action by a woman employed as a nurse in the defendant's household for personal injuries sustained when the plaintiff slipped and fell on a ridge of ice on a walk which was her only means of entrance to and exit from the house, evidence that, beginning shortly after she was employed and for three weeks thereafter up to the time of her injury,

she had observed the ice, which was formed from water dripping from melting snow on an overhanging roof of the house, and that the walk was not shoveled or sanded during such three weeks, warranted findings that the plaintiff had not contractually assumed the risk of injury from the ice and that her injury was due to negligence on the part of the defendant, and did not require a ruling that the plaintiff was guilty of contributory negligence.

The defence of voluntary assumption of risk, when available to the defendant in an action for personal injuries, is an affirmative defence which must be pleaded by him.

TORT. Writ in the Superior Court dated December 31, 1943.

The case was heard by *Donnelly,* J.

In this court the case was submitted on briefs.

*F. P. Ryan & S. Perman,* for the defendant.

*J. W. Ceaty & L. Seder,* for the plaintiff.

DOLAN, J. This action of tort was brought to recover compensation for personal injuries sustained by the original plaintiff, Jennie Fuller, in the circumstances recited below. At the close of the evidence the defendant made certain requests for rulings, to the effect that upon the evidence, upon the law, and upon the law and the evidence the plaintiff was not entitled to recover, which were denied by the judge sitting without a jury, subject to the defendant's exceptions. The judge found for the plaintiff. Thereafter she died and the administrator of her estate was permitted to intervene and prosecute the action.

. The evidence most favorable to the plaintiff's intestate, hereinafter referred to as the plaintiff, would warrant the finding of the following facts: About six months prior to January 1, 1943, the defendant in anticipation of confinement engaged the plaintiff to take care of her. Between January 26, 1943, and February 1, 1943, the plaintiff met the defendant at a hospital and was driven to the latter's home on Lovell Street in Worcester and started to work for her as a practical nurse. The plaintiff's duties were in general to take full charge of the baby and to give the defendant such care as she required. She did some housework such as doing the dishes, some of the "baby's washings," and some picking up around the nursery. She worked at the

defendant's house every day from the latter part of January, 1943, to February 21, 1943, the date of the accident hereinafter described, on a "twenty-four hour basis, with four hours off every evening between 6:30 P.M. and 10:30 P.M." The plaintiff's only means of entrance to and exit from the defendant's house was by a rear door and walk which ran by the north side of the house to its front. The walk was three feet six inches wide. The house had a "pitch" roof. The overhang of the roof over the walk in question extended about twenty-one inches from the wall of the building. There were no gutters, troughs or drains on the roof. For three weeks prior to February 21 the plaintiff had observed a ridge of ice that ran the whole length of the walk. This was caused by a dripping of water from snow melting on the roof. The plaintiff had seen the water dripping from the roof onto the walk during the three weeks preceding the accident. At night when she went down the walk the water would drip on her head and coat. Snow had fallen on January 26, 27, 28, 30 and 31, and on February 1, 13 and 14. From February 13 to February 18 the temperature remained below freezing. On February 20 and 21 the maximum temperature was over fifty degrees. During the three weeks preceding the accident the walk was never shoveled, nor was sand put upon the ice that had formed there. On February 21 the plaintiff left the defendant's house by the rear door and proceeded to go down the walk. She "kept very close to the house" using it as a support. After she had taken five or six steps she "came on to some ice, and . . . her feet went out from under her and she fell on a ridge of ice" the base of which ran "anywhere from six inches to one foot," and as a result sustained the personal injuries complained of.

There was no error in the denial of the requests for rulings above referred to. The defence relied upon by the defendant, that the plaintiff had contractually assumed the risk of the condition which caused her injury, is open.[1]  *Cronan*

---

[1] See now G. L. (Ter. Ed) c. 152, §§ 66, 67, as appearing in St. 1943, c. 529, §§ 9A, 10, enacted after the date of the accident in the present case and effective November 15, 1943.

v. *Armitage*, 285 Mass. 520, 526. *Godon* v. *McClure, ante,* 1. We are of opinion, however, that it could not have been ruled properly that the plaintiff did contractually assume the risk of that condition. In *Maciejewski* v. *Graton & Knight Co.* 321 Mass. 165, 166–167, the court said, "The duty of an employer to his employee, and the breach of that duty which is denominated negligence, had to be considered in the light of the principle that an employer owes . . . no duty to improve the machinery, conditions and methods that obviously characterized the employment at the time when it began, even though they were dangerous to the employee and could easily be improved." The defendant strongly relies upon that principle, but we are of opinion that in the present case the judge could find properly on the evidence that the dangerous condition of the walk in question was not one that obviously characterized the employment of the plaintiff when her service began, but was one that only became obvious to her thereafter. *Silver* v. *Cushner*, 300 Mass. 583, 587. *Kendrick* v. *Lynn Sand & Stone Co.* 317 Mass. 737, 738–739. *Reidy* v. *Crompton & Knowles Loom Works*, 318 Mass. 135, 139–140, and cases cited. *Godon* v. *McClure, ante,* 1. The judge would be warranted in finding that, when this condition became known to the plaintiff, it continued to exist for the three weeks preceding the accident, and that the defendant in violation of her duty negligently failed to use reasonable care to protect the plaintiff from a risk that was not ordinarily incidental to her employment when it began. *Roberts* v. *Frank's Inc.* 314 Mass. 42, 45–46. *Doherty* v. *Paul's for Tires, Inc.* 314 Mass. 83, 85. *Taylor* v. *Newcomb Baking Co.* 317 Mass. 609, 612. *Godon* v. *McClure, ante,* 1.

The questions remain to be considered whether the defence of contributory negligence on the part of the plaintiff is open to the defendant and, if so, whether the evidence, as contended by the defendant, required a finding of contributory negligence on the part of the plaintiff. The defendant takes the position that the plaintiff was a domestic servant, and hence that the provision of G. L. (Ter. Ed.) c. 152, § 66, that it shall not be a defence that the employee

was negligent, does not apply by reason of the provision of § 67 that § 66 shall not apply to actions to recover damages for personal injuries brought by domestic servants. [1] It is unnecessary to decide whether the duties of the plaintiff in the defendant's household were those of a domestic servant, since in any event the judge would have been warranted in finding that the plaintiff was not guilty of contributory negligence. As was said in *Frost* v. *McCarthy*, 200 Mass. 445, 448, "The established standard is whether, taking everything into account, the act is one which the common sense of mankind pronounces want of such prudence as the ordinarily careful person would use in a like situation. It is hard to conceive of anything more universally known to be plainly liable to cause a person to slip than ice, yet it has not infrequently been held that knowledge of the presence of ice on the part of one attempting to pass over it, sometimes even when there is another way open, is not such evidence of negligence as to warrant the court in ruling as a matter of law that the person injured by the attempt to get over the slippery place is precluded from recovery by negligence." *Silver* v. *Cushner*, 300 Mass. 583, 588. In the instant case, as before noted, there was evidence that the only access to the defendant's house or exit therefrom made available to the plaintiff was by way of the walk where the accident occurred. In these circumstances it could not have been ruled rightly that in using the walk the plaintiff was guilty of contributory negligence. It is settled that "Mere knowledge that some danger exists is not conclusive of the negligence of one who fails to avoid it." *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 50. *Silver* v. *Cushner*, 300 Mass. 583, 588. *Barton* v. *Boston*, 301 Mass. 492, 494, and cases cited. *Sodekson* v. *Lynch*, 314 Mass. 161, 166. *Reagan* v. *Belmont*, 316 Mass. 467, 470.

Voluntary assumption of risk is an affirmative defence which must be pleaded. *Leary* v. *William G. Webber Co.* 210 Mass. 68, 73. *Manning* v. *Prouty*, 260 Mass. 399, 402. *Sylvain* v. *Boston & Maine Railroad*, 280 Mass. 503, 505.

---

[1] This provision has not been changed by St. 1943, c. 529, §§ 9A, 10.

Assuming without deciding that this defence would have been open to the defendant in the present case had she pleaded it, she did not do so, and properly has not relied upon it in argument.

*Exceptions overruled.*