ALBERT J. LAJEUNESSE *vs.* TICHON'S FISH & FILLET CORPORATION.

Bristol. October 22, 1951. — April 2, 1952.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Negligence,* Slippery substance, One owning or controlling real estate, Contributory.

Evidence of the circumstances in which a driver of an express truck, while in a scaling room of the proprietor of a fish business to get boxes of fish, slipped and fell on fish scales and water on the floor near a scaling machine and a clogged drain which he had to pass on his route across the room warranted a finding of negligence on the part of the proprietor toward the driver and did not require a ruling that the driver was guilty of contributory negligence.

TORT. Writ in the Superior Court dated May 13, 1947. The action was tried before *Forte*, J.

*W. J. Fenton*, for the defendant.

*G. P. Walsh*, for the plaintiff.

LUMMUS, J. Subject to the exception of the defendant, the judge denied its motion for a directed verdict in its favor in this action of tort for personal injuries. The jury returned a verdict for the plaintiff. The plaintiff was the driver of an express truck for the Railway Express Agency, and called at the defendant's place of business in New Bedford on August 17, 1946, to take away boxes of fish to the railway station for shipment. To get the boxes of fish he had to pass through the defendant's fish scaling room, where he noticed that the drain in the middle of the concrete floor was clogged and that the floor was covered with fish scales and water. Twice he directed the attention of employees of the defendant to the condition of the drain, and they caused it to carry off the debris. Again the drain clogged, and when he spoke of it again to the employees of the defendant nothing was done. After the third clogging, while returning from his automobile truck, he slipped on the fish scales and water on the floor and fell, suffering the injuries for which this action is brought.

The plaintiff testified as follows. "In order to go from the loading door, where he had parked his truck, to the northwesterly corner of the fish scaling room, where the freight was packed, he had to pass through the fish scaling room in the vicinity of the scaling machine. He was familiar with the fish scaling room because he had passed through it many times on his prior visits to the defendant's place of business." "The freight was taken from the place where it was piled in the scaling room to the parked truck by means of a hand truck that he had to push across the cement floor." He "had to push his hand truck right by the drain located in the floor of the scaling room in front of the scaling machine." "There was no way of taking fish from the westerly end of the fish scaling room without passing over

the area of the drain located in front of the scaling machine." "The fish scaling machine was in operation during the entire period of time that he was in the room on that day." "The fish scales and water would fall out of the sides of the drum [of the machine] onto the floor beneath the machine and flow toward the drain." "There was a space of about four or five feet to the right of the drain over which he could pass and he went right close to the pipes, as close to the wall, or whatever blocked him as he was pushing his two wheel hand truck. As he arrived at a point close to the drain his feet went from under him and he fell on his back." "He was walking as carefully as he could under the circumstances." When he fell his helper was walking ahead of him. The shipper of the defendant told the plaintiff to use a certain loading door, and knew that he would have to walk over the vicinity of the drain to get the boxes of fish. The shipper testified that when the scaling machine was in operation the floor was wet and had fish scales upon it.

We think that there was evidence of the negligence of the defendant. The plaintiff was directed by the defendant to pass in the vicinity of the drain in moving the boxes of fish. The defendant knew that the machine was in operation, and that the floor would be covered with fish scales and water and would be slippery. Though informed for the third time that the drain was clogged, the defendant's employees did nothing to clear it. It is true that the plaintiff testified that after his last complaint there was insufficient time to free the drain before the accident. But two earlier complaints had been made, and there were eight or ten employees of the defendant working near the drain, who, the jury might find, could see the condition of the drain as well as the plaintiff could.

The more difficult question is whether the plaintiff too was negligent. The defendant contends that the case falls within a class of cases in which this court has held that the plaintiff was as negligent as the defendant was. *Perry* v. *Loew's Boston Theatres Co.* 291 Mass. 332, 334. *Roy* v. *Oxford,* 317 Mass. 174, 176. *Katz* v. *Gow,* 321 Mass. 666.

*Granfield* v. *Herlihy*, 322 Mass. 313, 316. *Campbell* v. *Hagen-Burger*, 327 Mass. 159, 162. But in our opinion this case does not belong with those cited. In this case the duty of the plaintiff required him to go near the drain. He had a right to expect that the defendant would take every reasonable means of insuring his safety. In *McCarthy* v. *Goodrum*, 292 Mass. 567, a tenant brought an action against her landlord for an injury received in a common passageway in the cellar. The plaintiff knew that two boards had dropped below the level of the others, and did not try to avoid them. This court said, "The plaintiff would not have been guilty of contributory negligence as matter of law merely because she knew of the depression and failed to avoid it, even if she had known that it was dangerous. . . . This is not a case in which it can be said, as in *Perry* v. *Loew's Boston Theatres Co.* 291 Mass. 332, that if the defendant was negligent the plaintiff must have been negligent also. The defendant had a duty to inspect and repair but the plaintiff had none." See also *Mello* v. *New England Theatres, Inc.* 315 Mass. 171.

In other classes of cases it has often been held that a plaintiff is not negligent as matter of law merely because he saw or knew the danger, especially where he had a duty to perform which took him into proximity to it. *Hayes* v. *Boston Fish Market Corp.* 319 Mass. 556, 559. *Winchester* v. *Solomon*, 322 Mass. 7, 11. *Silver* v. *Cushner*, 300 Mass. 583. *Hebb* v. *Gould*, 314 Mass. 10, 15. *Mello* v. *Peabody*, 305 Mass. 373. *Sodekson* v. *Lynch*, 314 Mass. 161, 166. *McAvey* v. *Albany Realty Co., ante*, 310, 313–314. In this case it could have been found that the plaintiff did everything that he could do to avoid the drain.

*Exceptions overruled.*