FRANCES E. GRIFFIN vs. DICK B. DEMERJIAN.

Suffolk.    December 10, 1965. — December 31, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Negligence,* Store, Contributory.

Evidence in an action that a customer of a variety store leaving a stool in
    front of a soda fountain fell and was injured when she "put her . . .
    foot back . . . [and] caught her foot" in a latticework wire rack
    placed three to four inches behind the stool, whose positions she had
    observed on entering the store and on previous visits there, warranted
    a finding of negligence on the part of the proprietor of the store in the
    placing of the rack, and did not require a finding of contributory negli-
    gence on the part of the customer.

TORT.    Writ in the Superior Court dated October 25,
1960.

The action was tried before *Paquet, J.*

*James J. Twohig* for the plaintiff.

*Steven J. Cohen* for the defendant.

WHITTEMORE, J.    These are the plaintiff's exceptions to
the direction of a verdict for the defendant in an action of
tort for personal injuries sustained by the plaintiff on
August 29, 1960, in the defendant's variety store when her
foot caught in a wire display rack behind the soda fountain.

The jury could have found as follows: There were five
or six stools in front of the fountain and to its right was a
window.    The wire rack "in the form of latticework" ex-
tended from the window behind the right hand stool and
half way to the next stool in a line parallel to the stools.
The space between the rack and the right hand stool meas-
ured three to four inches.    When the plaintiff entered the
store all the stools were occupied except the one nearest
the window.    She observed that the rack came up "in . . .
back of the stool" in the same position that she had ob-
served when previously in the store.    She "squeezed in
between the woman on the second seat from the window

and the wire rack. . . . In leaving . . . [she] turned to her left . . . [and] put her left foot back in order to get up . . . [and] caught her foot in the . . . rack and fell.''

The evidence should have been submitted to the jury. They could have found negligence in the placing of the rack. The plaintiff was invited into a space from which she could not get out except at the risk of engagement with the latticework of the rack. It was not contributory negligence as a matter of law to use this customer space in response to the invitation and to leave it in the way described, regardless of whether the plaintiff had the position of the visible rack in mind, or should have. See *Robicheau* v. *Supreme Mkts. Inc.* 333 Mass. 608, 609–610. To the extent that *O'Neil* v. *W. T. Grant Co.* 335 Mass. 234, 235, states a different rule we decline to follow it.

*Exceptions sustained.*