CLYDE M. THOMAS *vs.* TOM'S FOOD WORLD, INC.

Worcester.    April 5, 1967. — April 27, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Negligence,* Invited person, Delivery platform, One owning or controlling real estate, Contributory.

Where the owner of meat engaged a trucking concern to deliver meat at a food market, the proprietor of the market owed a duty of due care to a driver employed by the trucking concern while the driver was on the market premises delivering the meat. [451]

Evidence warranted a finding that the proprietor of a food market was negligent toward a business invitee, a truck driver, who, while carrying a quarter of beef in front of him, slipped, fell and was injured when he stepped off a greasy ramp provided at the market for beef deliveries and leading from the truck down to the shipping dock there at a steep grade which had not been reduced by insertion of an available platform under the lower end of the ramp; and did not require a ruling as a matter of law that the invitee, who was not shown to have known of the platform or of the greasiness of the ramp, was guilty of contributory negligence. [451–452]

TORT. Writ in the Superior Court dated March 23, 1964. The action was tried before *O'Malley,* J.

*Harry Zarrow* for the plaintiff.

*Stanley B. Milton* for the defendant.

WHITTEMORE, J.   The plaintiff had a verdict in the Superior Court for personal injuries resulting from a fall on the defendant's premises in Fitchburg on January 6, 1964. The judge under leave reserved entered a verdict for the defendant and at the request of the plaintiff reported the case.

The plaintiff was a truck driver in the employ of the Boston and Maine Transportation Company (B and M).   On January 6, 1964, his job was to pick up a trailer truck load of meat owned by Armour and Company (Armour) and deliver the meat to various places in and about Fitchburg. An employee of Armour accompanied the plaintiff to supervise the deliveries.   The first delivery was at Armour's plant.   The second was at the defendant's food market at about 7:30 or 8 A.M.   The plaintiff backed the truck to the enclosed shipping dock used as the delivery platform.   Two concrete posts protecting the dock stopped the back of the truck about two feet from the dock.

The defendant had a ramp to bridge this space constructed of three-quarter inch plywood nailed to three 2 x 6's.   The ramp was about four feet long and three and one-half feet wide, with a metal nose on the end inserted in the truck so that, in place, the end of the ramp was only slightly raised above the truck floor.   It bore no cleats.   An employee of the defendant put this ramp in place.   The grade thus formed, from the truck floor to the concrete floor of the dock, was at a forty to forty-five degree angle.   The ramp was about six months old and had been in use almost daily for deliveries of meat.   The defendant also had a wooden platform to be inserted under the ramp at its lower end when the truck floor was high above the dock to "try to make it even."   "If the . . . [truck] is almost full we don't need that . . . platform because the springs [of the trailer] stay down."

The plaintiff walked from the dock up the ramp into the truck and picked up a quarter of beef with a hook in his right hand and his left hand around the meat.   In descending the ramp he carried the meat in front of his body; the

top of the meat extended over his head. As the plaintiff got to the end of the ramp his right foot slipped and he fell with the meat on top of him. He then observed that the ramp was greasy. It was necessary to step down from the end of the ramp to the dock surface, as the 2 x 6's were not bevelled at the lower end.

The report does not expressly state who had the contract with B and M to deliver meat. We infer, however, that B and M was in the engagement of Armour. That being so, the special rule applicable to employees of the independent contractor of a defendant working on the latter's premises is inapplicable. For that rule see *Williams* v. *United Men's Shop, Inc.* 317 Mass. 319, 320 (plaintiff must prove injury caused by failure to warn of hidden defect known to the defendant or discoverable by exercising reasonable care). We think the defendant owed the plaintiff the duty of reasonable care. *Duffy* v. *Capobianco,* 346 Mass. 48, 50.

The jury could have found that the defendant was negligent in not using the platform to reduce the grade, and in providing a greasy ramp at an unreasonably steep angle. Expert testimony was not necessary to show the hazard of walking down a forty or forty-five degree grade, even if not slippery. The ramp was for the use of persons delivering quarters of beef, whose movements and observations would be impeded by the size, shape, and weight of the objects carried. The inference was warranted that the plaintiff slipped before his right foot left the ramp, and that the slipping was related to the step down and to the grease. The report does not disclose why this particular truck, though "filled with meat up to a point ten feet from the very end" rose so high above the dock. That is irrelevant in view of the unqualified statement of the forty to forty-five degree grade.

The judge could not rightly have ruled that the plaintiff was contributorily negligent as a matter of law. It does not appear that he saw or knew of the platform that might have been used, or that he knew before using the ramp that

it was greasy. This is not a case where the proof of the defendant's negligence establishes the plaintiff's negligence. See *Lajeunesse* v. *Tichon's Fish & Fillet Corp.* 328 Mass. 528, 530–531, and cases cited; *Winchester* v. *Solomon,* 322 Mass. 7, 10–11, and cases cited; *Griffin* v. *Demerjian,* 350 Mass. 47; *Independent Nail & Packing Co. Inc.* v. *Mitchell,* 343 F. 2d 819, 823–824 (1st Cir.) (concurring opinion of Aldrich, J.).

We have not considered the issue of voluntary assumption of risk as it was not pleaded. *Winchester* v. *Solomon, supra.*

In accordance with the stipulation of the parties, judgment for the plaintiff is to be entered on the verdict returned by the jury.

*So ordered.*