EVELYN R. HALLEY & another *vs.* HUGH NAWN, INCORPORATED, & others.

Suffolk.    April 10, 1969. — May 6, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Negligence*, Contributory, Assumption of risk, Trench.

Evidence in an action of the circumstances in which the plaintiff, after leaving a dwelling at night and observing a trench in the middle of a sidewalk and parallel to the street, was injured when she fell into the trench as she walked along it in search of a place to cross and "the dirt crumbled under . . . [her] foot" did not require rulings of law that she was guilty of contributory negligence or that she had assumed the risk of injury.

TORT.    Writ in the Superior Court dated March 9, 1965.

The action was tried before *Lurie*, J.

*Michael B. Latti* for the plaintiffs.

*Francis L. Swift* for Hugh Nawn Incorporated, & another (*Ralph F. Martino*, City Solicitor, for the City of Revere, with him).

SPIEGEL, J.    In this action of tort the plaintiff wife seeks to recover damages for personal injuries sustained by her when

she fell into a trench excavated by the defendant Hugh Nawn, Incorporated, for the defendant New England Telephone and Telegraph Company. She also seeks to recover damages from the defendant city of Revere. The plaintiff husband seeks consequential damages. The case was tried to a jury in the Superior Court. At the conclusion of the evidence the judge allowed motions for directed verdicts filed by the defendants. The case is here on the plaintiff's exceptions to the allowance of those motions.

We summarize the evidence most favorable to the plaintiffs. On October 19, 1964, the plaintiff Evelyn Halley (plaintiff) visited her daughter who lived at 12 School Street, Revere. She approached the dwelling from the rear, through an empty lot, and arrived at approximately 3:30 P.M. A younger daughter arrived by the same route at approximately 4:15 P.M. The two of them subsequently left at approximately 1:00 A.M. by the front entrance. When the plaintiff reached the bottom of the front steps she observed a trench in the middle of the sidewalk which ran parallel to the street. The trench was about two feet wide and extended to the left as far as the next dwelling and to the right for about ten feet. Directly in front of the steps, a metal plate covered the trench. Between the trench and the street, except for an opening in front of the metal plate, earth was piled three to four feet high. Toward the right, earth was piled on both sides of the trench. An automobile was parked across the opening in the earthen pile with its tires on the pile, completely blocking the opening.

The plaintiff started to cross the metal plate and saw the automobile. She saw that she could go neither forward nor to the right, so she looked to the left for a place to cross the trench. When she had taken seven or eight steps toward the left, about two feet from the edge of the trench, "the dirt crumbled under . . . [her] right foot" and she fell into the trench, her head striking the side of the trench as she fell.

At the time of the accident the trench was "well lighted." The weather "was good and it was dry." There were "no horses, warning signals, barriers, or blinking lights in the

area where she fell, or next to or around the trench or near the metal plate." The placement of such barriers next to and around a trench was "customary and usual." She did not leave by the back of the dwelling because the empty lot had high hedges and "was full of stones, cans, bushes, twigs and everything."

The defendant city of Revere did not file a brief with this court. See S. J. C. Rule 1:13, 351 Mass. 738. The issues argued by Hugh Nawn, Incorporated and New England Telephone and Telegraph Company are that the injured plaintiff assumed the risk and was contributorily negligent in that she left "a place of safety" and "voluntarily exposed herself to a danger which she . . . had to appreciate."

Under G. L. c. 231, § 85, the defendants had the burden of proving contributory negligence. They also had the burden of proving that the plaintiff assumed the risk. *Manning* v. *Prouty,* 260 Mass. 399, 402. Only in rare cases can it be ruled as a matter of law that these burdens have been sustained. *Joyce* v. *New York, N.H. & H. R.R.* 301 Mass. 361, 363. *Summering* v. *Berger Realty, Inc.* 344 Mass. 38, 42. *Lindgren* v. *Marraffa,* 350 Mass. 376, 379. We do not think that the instant case is one of those "rare cases." The mere fact that the plaintiff knew of the existence of the trench is not conclusive proof of her negligence. See *Sullivan* v. *Saugus,* 305 Mass. 127, 131; *Mello* v. *Peabody,* 305 Mass. 373, 375. Nor is it conclusive proof that she assumed the risk. See *Frost* v. *McCarthy,* 200 Mass. 445, 447–448. The plaintiff was not injured attempting to cross the trench, but was injured as she walked along in search of a place to cross. The evidence quite clearly indicates that the direction which the plaintiff took was the only reasonably safe path for her to walk. See *Winchester* v. *Solomon,* 322 Mass. 7, 11. The questions of contributory negligence and assumption of the risk were for the jury to determine.

*Exceptions sustained.*