Randolph Tanner *vs*. Eliot Realty Corporation.

Suffolk.    May 12, 1976. — June 29, 1976.

Present: Keville, Goodman, & Grant, JJ.

*Negligence,* Contributory, Assumption of risk, Water on floor.

In a negligence action, evidence that the plaintiff observed water on the floor of the men's room in his office building but proceeded to

---

walk across the floor and was injured when he slipped and fell on the wet tile did not require a finding of voluntary assumption of the risk and contributory negligence. [413-414]

TORT. Writ in the Superior Court dated May 21, 1969.
The action was tried before *Good,* J.
The case was submitted on briefs.
*Abraham Newman* for the plaintiff.
*Thomas D. Burns & John B. Connarton, Jr.,* for the defendant.

KEVILLE, J. The question presented for review in this action of tort for negligence is whether the trial judge erred in allowing the defendant's motion for a directed verdict at the close of the plaintiff's evidence (Mass.R.Civ.P. 50[a], 365 Mass. 814 [1974]), pursuant to which judgment was entered on the verdict (Mass.R.Civ.P. 58[a], 365 Mass. 826 [1974]). The motion was based upon the plaintiff's voluntary assumption of the risk and contributory negligence. The plaintiff seeks damages for personal injury resulting from a fall on the defendant's premises.[1]

We summarize the evidence most favorable to the plaintiff. The plaintiff's employer had offices on the first floor of the defendant's two-story building. On July 18, 1968, the plaintiff walked from the office along the hall to the men's room on the first floor. On the floor of the hallway in front of the men's room door he observed a puddle of water apparently formed by water running from under the door. He opened the door after carefully making his way around the puddle. He saw water running down a ramp four feet long, which was inclined from an inner door to the door opening upon the hall. He opened the inner door and entered the men's room where he observed that most of the floor was covered with water to a depth of one-eighth to one-quarter of an inch. He crossed the floor and used the urinal; his shoes were wet. As he left the men's room he opened the inner door, stepped on the wet tile of the ramp, slipped, fell and was injured.

---

[1] The cause of action arose prior to the effective dates of St. 1969, c. 761, and St. 1973, c. 1123, both amending G. L. c. 231, § 85.

A week earlier he had observed water on the floor of the men's room, on the ramp and in the hall. He knew that there was another men's room on the second floor of the building which he might have used. He knew that water on the tile would make it slippery. Although he knew there was danger of getting his feet "more wet," he had not thought about slipping.

Contributory negligence and voluntary assumption of the risk are closely related. The burden of proof in either aspect was on the defendant. *Silver* v. *Cushner,* 300 Mass. 583, 586 (1938). *Halley* v. *Hugh Nawn, Inc.* 356 Mass. 28, 30 (1969). Only in rare instances can it be ruled as matter of law that the burden has been sustained. *Baldassari* v. *Produce Terminal Realty Corp.* 361 Mass. 738, 744-745 (1972). Mere knowledge of the danger of doing a certain act without full appreciation of the risk involved is not sufficient to preclude a plaintiff from recovery, even though there may be added to that knowledge a comprehension of some risk. See *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155, 159, 161-162 (1891); *Frost* v. *McCarthy,* 200 Mass. 445, 447-449 (1909). Compare *Breault* v. *Ford Motor Co.* 364 Mass. 352, 354-355 (1973). Contrast *Pouliot* v. *Black,* 341 Mass. 531, 532-533 (1960). See also Restatement 2d: Torts, § 496D (1965). Nor is prior knowledge that some danger exists conclusive of the negligence of one who fails to avoid it. *Reagan* v. *Belmont,* 316 Mass. 467, 469-470 (1944). *Winchester* v. *Solomon,* 322 Mass. 7, 11 (1947). See *Griffin* v. *Demerjian,* 350 Mass. 47, 48 (1965).

Here the plaintiff's knowledge of the presence of water on the floor and that the tile was slippery when wet was merely evidence of negligence and did not require a finding of contributory negligence as matter of law. *McIlvane* v. *Percival,* 337 Mass. 768 (1958). The question was one for the jury. See *Spencer* v. *Bartfield,* 334 Mass. 667, 668 (1956). There was evidence from which the jury could have found that the plaintiff proceeded with due care in entering and leaving the men's room and that he acted reasonably in using that facility under the circumstances (see *Scatena* v. *Pittsburgh & New England Trucking,* 2

Mass. App. Ct. 683, 686 [1974]), despite his awareness of the availability of a men's room on the second floor of the building. *Silver* v. *Cushner, supra,* at 588.

The judgment is reversed, the verdict is set aside and the case is to stand for a new trial.

*So ordered.*

