HERBERT RIVKIN *vs.* MONSANTO COMPANY & another. December 28, 1978. 1. It could not properly have been ruled that the plaintiff was guilty of contributory negligence as matter of law. He was undoubtedly aware of the dangers of sulphuric acid, but there was no evidence from which the jury could have inferred that the plaintiff knew or should have known that the polyethylene bottle would split open when carried or handled in the manner described in the evidence. See *Lindgren* v. *Marraffa*, 350 Mass. 376, 379 (1966); *Halley* v. *Hugh Nawn, Inc.*, 356 Mass. 28, 30 (1969); *Goldstein* v. *Gontarz*, 364 Mass. 800, 804 (1974); *Schaeffer* v. *General Motors Corp.*, 372 Mass. 171, 178-179 (1977); *Everett* v. *Bucky Warren, Inc.*, 376 Mass. 280, 289-290 (1978); *Tanner* v. *Eliot Realty Corp.*, 4 Mass. App. Ct. 411, 413 (1976). 2. Nor was Monsanto (defendant) entitled to prevail on the ninth ground of its motion for a directed verdict. There was evidence from which the jury could have found that the defendant should have foreseen that one in the position of Leachmore would reuse the bottles after exposure to sunlight in the manner described in the evidence and that the defendant had a duty to warn against such reuse. See *Farley* v. *Edward E. Tower Co.*, 271 Mass. 230, 238-239 (1930); *Carter* v. *Yardley & Co. Ltd.*, 319 Mass. 92, 99 (1946); *Wilborg* v. *Denzell*, 359 Mass. 279, 285 (1971); *Jesionek* v. *Massachusetts Port Authy.*, 376 Mass. 101, 105 (1978). 3. The defendant has not argued the seventh ground of the motion within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). *Lolos* v. *Berlin*, 338 Mass. 10, 13-14 (1958). 4. There is nothing in the portions of the record reproduced in the appendix (see *Kunen* v. *First Agricultural Natl. Bank*, ante 684 [1978]) to suggest that the defendant had any standing to object to the verdict in favor of Ansell on count 2 of the second amended complaint (complaint). 5. The court did not err in directing a verdict for Ansell on the defendant's cross claim against Ansell for indemnity and contribution. The plaintiff's claims against Ansell and the defendant (counts 2 and 3, respectively, of the complaint) were submitted to the jury on the sole theory that both had been negligent in failing to warn the plaintiff against reuse of the bottles after exposure to sunlight in the manner described in the evidence (see part 2 above). The jury's verdict for Ansell on count 2 effectively removed any claim by the defendant for indemnification (*Stewart* v. *Roy Bros. Inc.*, 358 Mass. 446, 458-459 [1970]; *Ford* v. *Flaherty*, 364 Mass. 382, 385-386 [1973]; *Afienko* v. *Harvard Club of Boston*, 365 Mass. 320, 336 [1974], overruled on other grounds, *Poirier* v. *Plymouth*, 374 Mass. 206 [1978]) or contribution (G. L. c. 231B, § 1[a] and [b] and § 3[f]). 6. Interest on the verdict on count 3 was properly computed from the date of the commencement of the action for the reasons given by the judge who acted on the motion for relief from judgment. See also *Boston Edison Co.* v. *Tritsch*, 370 Mass. 260, 263, 266 (1976). Compare *Industrial Engr. & Metal Fabricators, Inc.* v. *Fontaine Bros.*, 2 Mass. App. Ct. 695, 697-699 (1974). The corrected judgment on count 3, the judgment on the defendant's cross

claim and the denial of the motion for relief from judgment are all affirmed, with costs to the plaintiff and Ansell.

*So ordered.*

*Stephen T. Keefe, Jr.,* for Monsanto Company.
*Edward T. Dangel, III (Michael Mattchen* with him) for the plaintiff.
*Stephen A. Moore* for S. H. Ansell & Son, Inc.