SANDRA J. BONOMO *vs.* RICHARD B. KENNEDY & another.[1] August 21, 1979. In an action for negligence the plaintiff sought to recover for injuries she sustained when an automobile in which she was seated was struck from behind by an automobile owned by the defendant General Rental Co. and driven by the defendant Kennedy. The jury returned special verdicts awarding the plaintiff damages of $22,500 against both defendants but also found the plaintiff's degree of negligence to be forty-nine percent, and her award was reduced by that percentage. See G. L. c. 231, § 85, as appearing in St. 1969, c. 761, § 1. The judge declined to give an instruction requested by the plaintiff that there was insufficient evidence upon which to find the plaintiff guilty of contributory negligence, and the plaintiff failed to object. She did, however, timely move under Mass.R.Civ.P. 59(e), 365 Mass. 828 (1974), to amend the judgments by setting aside the finding that the plaintiff was forty-nine percent negligent. The plaintiff appeals from the judgments and from the denial of her motion under rule 59(e).

1. The only issue we need address here on the plaintiff's appeal is the denial of her motion under rule 59(e). Such a motion properly

---

[1] General Rental Co.

involves an attempt to amend a judgment pursuant to the return of a special verdict. *Mumma* v. *Reading Co.,* 247 F. Supp. 252, 253, 260 (E.D. Pa. 1965). Smith & Zobel, Rules Practice § 59.15, at 454 (1977). See 6A Moore's Federal Practice § 59.12[1], at 59-247 – 59-248 & n.37 (2d ed. 1979); 11 Wright & Miller, Federal Practice and Procedure § 2817 & n. 32, at 112 (1973).

2. The evidence adduced at trial, viewed in the light most favorable to the defendant, showed that on May 18, 1972, at approximately 8:00 P.M., the plaintiff lost control of her automobile while driving east on Route 2 in the town of Harvard, Massachusetts. Her vehicle hit a rock ledge and came to rest in the eastbound travel lane. The cause of her skid was never determined. Several witnesses described the weather conditions that evening as intermittent periods of heavy rain and light mist. Shortly thereafter, one Bruce Porell, driving east on Route 2, saw the plaintiff's vehicle and parked his automobile on the eighteen-foot wide median strip dividing the four lane highway. Porell escorted the plaintiff to his automobile and at his suggestion she seated herself in the right front passenger seat. The front and rear emergency lights of the Porell vehicle were flashing, and Porell assisted a policeman from the town of Harvard in directing traffic around the two cars and in placing flares to the rear and west of the Porell vehicle along the edge of the median strip. Traffic was light and there was a light mist of rain. After fifteen or twenty cars had passed the scene without incident, the defendant Kennedy approached the scene driving east on Route 2 at sixty miles per hour. Kennedy testified that when he was 400 yards from the scene, driving at the speed already indicated, he saw the Porell vehicle "partially on the median strip" and that at a distance of approximately 100 yards, driving at forty-five to fifty miles per hour, he applied his brakes. His vehicle then "started to skid as well as turn" and struck the Porell vehicle, knocking it diagonally across the median strip into the westbound breakdown lane. As a result of this collision, the plaintiff was seriously injured.

We conclude that there was no evidence sufficient to support the special verdict that the plaintiff was guilty of contributory negligence. We find the record completely devoid of any evidence tending to show that the plaintiff failed to exercise reasonable care in the circumstances by leaving her damaged vehicle and seating herself in Porell's vehicle parked on the median strip. See *Mumma* v. *Reading Co., supra* at 257-258. Cf. *Jacobs* v. *Moniz,* 288 Mass. 102, 106 (1934); *Goldstein* v. *Gontarz,* 364 Mass. 800, 804 (1974); *Tanner* v. *Eliot Realty Corp.,* 4 Mass. App. Ct. 411, 413 (1976). Contrast *Fitzpatrick* v. *Boston Elev. Ry.,* 249 Mass. 140, 142 (1924). Since there was no showing that the plaintiff took a greater risk than a person of ordinary prudence would have taken in a like situation (see *Barnes* v. *Berkshire St. Ry.,* 281 Mass. 47, 50 [1932], and cases cited; *Silver* v. *Cushner,* 300 Mass. 583, 588 [1938] ), we hold that the plaintiff's motion to amend the judgments should have been granted. The special verdicts finding the plaintiff forty-nine percent negligent are set aside, and a judgment is to be entered for the plaintiff against each defendant in the amount of $22,500.

*So ordered.*

*Edward Rabinovitz* for the plaintiff.
*F. J. McDonald* for the defendants.