DAVID MCINNIS & another[1] vs. TOWN OF TEWKSBURY.

Middlesex.   December 6, 1984. — February 1, 1985.

Present: GREANEY, C.J., KASS, & FINE, JJ.

*Negligence,* Teacher, Athletics, Expert opinion, Proximate cause, Damages. *Damages,* Loss of minor child's services. *Practice, Civil,* Verdict.

At the trial of an action arising out of an injury to a pupil during a seventh-grade gym class, no expert testimony was necessary to establish that the pit used by the class in a running broad jump exercise was unsafe for jumping. [313]

At the trial of an action arising out of an injury to a pupil during a seventh-grade gym class, the evidence was insufficient to present a jury issue as to the adequacy of the instructions a teacher gave her pupils before having them perform a running broad jump exercise. [313]

CIVIL ACTION commenced in the Superior Court Department on February 5, 1980.

The case was tried before *Andrew G. Meyer,* J.

*Charles J. Zaroulis,* Town Counsel, for the defendant.

*Ronald I. Bell* for the plaintiffs.

FINE, J. On September 21, 1978, when he was twelve years old, David McInnis suffered a fractured ankle while performing a running long jump in a public school gym class. David and his father brought this action under G. L. c. 258 against the town of Tewksbury, alleging that the negligence of David's gym teacher caused the injuries suffered by David and the consequential damages sustained by his father. A jury in the Superior Court found in favor of both plaintiffs and awarded damages in the amount of $40,000 for David and $20,000 for his father. On appeal, the town argues that there was insufficient evidence to overcome its motion for a directed verdict and that

[1] Wilfred McInnis, the father of David McInnis, in his individual capacity and as next friend of David McInnis.

the judge erred in submitting the case to the jury and in denying its motion for judgment notwithstanding the verdict. Alternatively, the town argues that the verdict was against the weight of the evidence, and that the town was deprived of a fair trial because of certain allegedly prejudicial remarks in the plaintiffs' attorney's opening statement and the admission in evidence of certain testimony, which ultimately the jury were instructed to disregard. Further, the town maintains that the $20,000 verdict in favor of David's father for consequential damages and loss of services was excessive.

We do not agree with the town that there was prejudicial error with regard to the opening statement or the challenged evidence to the extent that the town was deprived of its right to a fair trial. We agree with the plaintiffs that they introduced sufficient evidence to justify the submission of the case to the jury. On the other hand, we agree that the evidence with regard to the father's damages would not sustain a verdict in his favor in the amount of $20,000. For reasons which we shall proceed to explain, moreover, we think the town is entitled to a new trial as to the claims of both David and his father.

The plaintiffs' evidence, which we examine in a light most favorable to the plaintiffs, included the following. David was one of thirty students in the seventh grade at the Tewksbury Junior High School enrolled in the gym class in question. On September 21, 1978, the gym class went outside to the school playground to perform a running long jump exercise. The exercise was to be performed by running along an eighty-eight foot runway and jumping into a pit eighteen feet long, six feet wide and one to two feet deep. This being the first such exercise for the class, the gym teacher instructed the students generally about how to perform the exercise. She told them to run as far as they could along the runway and, at the jump line, to extend themselves outward as far as possible into the jump pit in an effort to cover the greatest distance, trying not to "foul" (jumping after having passed the jump line.) She told them to try to land forward on two feet and not fall backward. The gym teacher did not perform a demonstration. It was a responsibility of the teacher to check the amount of sawdust in the

jump pit. Normally the pit was filled with sawdust up to the level of the surrounding ground, twelve to fourteen inches deep. To have little or no sawdust in the pit was unusual. On the day in question, the pit contained as little as two to three inches of sawdust. Throughout the exercise, the gym teacher remained at the beginning of the runway as the students ran and jumped, one by one. The whole class performed the exercise once. Then, on his second jump, in the course of landing in the pit, David fractured his left ankle. As a result of the injuries, David experienced pain and suffering and possible permanent injury. His father incurred expenses for David's medical care in the amount of approximately $4,000. During the period of David's disability, he could not perform the usual services he had performed for his father: mowing the lawn, raking the grass, shovelling snow, and running errands.[2]

At various stages of the trial, the parties and the judge treated separately the two theories of liability put forward by the plaintiff: (1) the inadequacy of the supervision and instructions given by the gym teacher; and (2) the unsafe condition of the pit.[3] In his instructions to the jury, however, the judge discussed negligence and causation in general terms without differentiating between the two theories, and he submitted the case to the jury on general verdict forms. The town had made separate objections to each of the two theories of liability, and, after the instructions were given, timely objection was made to the charge. As to each theory, the town urged that, in the absence

[2] The jury would have been warranted in finding $4,000 in medical expenses (and possibly a larger amount to cover anticipated future surgery on David's ankle). On the evidence, they would not have been warranted in finding a sum as large as $16,000 for lost services which, at best, extended over a period of a few months.

[3] The plaintiff also pressed to have the case submitted to the jury on a third theory. That theory was based on evidence that David had sustained an earlier unrelated injury to his collar bone, and he had presented a note from a doctor notifying the school of the injury and requesting that he be excused from gym classes. A physician called by the plaintiff to testify failed to establish a sufficient causal connection between the collar bone injury and the fractured ankle. Accordingly, the judge struck the doctor's testimony and instructed the jury to disregard the evidence. The plaintiff is not pressing this issue on appeal.

of expert testimony, there was insufficient evidence to justify recovery by the plaintiffs.

We first discuss the pit. We do not think expert testimony was necessary to establish that, at the time of the gym exercise, the pit was in an unsafe condition for jumping. The jury could have believed that no more than two inches of sawdust was contained in the pit to cushion the impact of the jumps, when normally the pit contained over a foot of sawdust. Juries routinely are asked to determine whether particular ground surfaces are reasonably safe in the particular circumstances. We think this was a matter within the common knowledge of jurors, and expert testimony, therefore, was not required to assist them in examining the evidence and reaching their conclusions. See *Thomas* v. *Tom's Food World, Inc.*, 352 Mass. 449, 451 (1967). The causal relationship between a jumping pit, unsafe because it contained an insufficient amount of sawdust, and an injury such as that suffered by David, would be obvious.

On the other hand, we agree with the town that the evidence concerning what the teacher did or failed to do by way of giving instructions to the students or performing a demonstration was not sufficient to raise a jury issue. An expert opinion or evidence of customary practice might have helped. All that the jurors could do on the evidence they heard was to speculate as to what a reasonably adequate gym teacher should have said or done in an attempt to avoid an injury such as that sustained by David. Surely, the fact that the teacher had the students perform the exercise, however vigorous, could not by itself be the basis for a finding of negligence. One of the goals of public education is to stretch the body as well as the mind. See G. L. c. 71, § 3, as appearing in St. 1979, c. 81. Even more significantly, however, the jurors were left to speculate as to how David's injury was causally related to the alleged failings of the gym teacher regarding the manner in which she introduced the gym exercise to the students.

Before the case was submitted to the jury, the town raised the issue whether the jury should have been permitted to decide the case on the theory of the inadequacy of the gym teacher's

instructions to the students. It did so by its motion for a directed verdict, its requests for jury instructions, and its particularized objection to the charge. The request for relief should have been granted. Alternatively, in the interest of judicial economy, the two theories could have been presented separately to the jury and a verdict for the plaintiffs on the inadequate instruction theory could have been set aside on a motion for judgment notwithstanding the verdict. Since we do not know on which of the two theories the jury found for the plaintiffs, there must be a new trial. *Fein* v. *Board of Education,* 305 N.Y. 611 (1953). See also *Farr* v. *Whitney,* 260 Mass. 193, 197 (1927); *O'Keefe* v. *William J. Barry Co.,* 311 Mass. 517, 520-521 (1942). We decline to discuss further the remaining issues raised since they are unlikely to arise at the retrial.

*Judgment reversed.*