Shubow, J.
The defendant, owner of a warehouse, seeks review of a finding in favor of the plaintiff, a truck driver, who sustained inj uries while unloading the trailer of his vehicle at the defendant’s loading dock. The injury occurred when the plaintiff stepped back from within the trailer into a gap between the trailer’s rear edge and the edge of the loading platform. The judge denied four requests for rulings couched as follows:
7. The evidence is insufficient as a matter of law to warrant a finding that the defendant was negligent.
9. The evidence is insufficient as a matter of law to'warrant a finding that the plaintiffs inj uries were proximately caused by the defendant’s negligence. Wickes v. First National Stores, Inc., supra; see also, Landon v. First National Stores, Inc., 353 Mass. 756 (1967); Rankin v. Brockton Public Market, Inc., 257 Mass. 6 (1926).
10. The evidence does not warrant a finding that the dockleveler at the dock where plaintiff had his accident constituted an unreasonably unsafe condition.. '
.11. The evidence does not warrant a finding for the plaintiff.
. We conclude the evidence was sufficient to justify the judge’s findings and affirm his decision. >
The report sets forth the evidence substantially as follows: The plaintiff stepped into a one foot “gap” between the end of his trailer and the loading dock. The gap was formed by bumpers between the end of the trailer and the outside of the warehouse. The loading dock at the defendant’s warehouse had two kinds of docklevelers used to bridge the gap. On the day of the accident the permanent dockleveler at the dock at which the plaintiff had been instructed by the defendant’s employee to unload was inoperable (as it had been on several recent occasions). A portable dockleveler was brought to the loading dock and the plaintiff began unloading his trailer with the assistance of the defendant’s personnel.
At lunch time, the plaintiff requested that the portable dockleveler be removed so that he could close his trailer and thus secure its contents while he ate in the cab of his tractor. One Hughes, an employee of the defendant, removed the leveler.
The report continues, after eating his lunch the plaintiff returned to the loading dock, opened the trailer’s rear door and stepped across the gap into the trailer to secure a portable light to the inside of the trailer. The plaintiff *142 testified that he had seen Hughes return from lunch and assumed that the employee had put the portable dockleveler back into place so that unloading the truck could be resumed. (Emphasis supplied.) After securing the light he went to move back out of the trailer onto the loading platform and stepped into the gap thereby injuring his ankle. In fact, the portable dockleveler had never been put back into place.
On this evidence, the court found that the defendant was negligent and that the plaintiff was equally negligent and awarded damages reduced in accordance with G. L. c. 231, § 85.
We think the judge’s finding that both parties shared the fault was open to him on the evidence recited. The defendant’s employee having installed the leveler, then having removed it during the lunch break, could have reasonably been expected to re-install it when the break was over.
The plaintiff relies on cases suggesting that although danger is visible and known to the plaintiff, it is a question for the fact-finder whether the plaintiff was contributorily negligent to such an extent as to bar his claim that the defendant was negligent. Griffin v. Demerjian, 350 Mass. 47, 48 (1965). “It is settled that ‘ [m]ere knowledge that some danger exists is not conclusive of the negligence of one who fails to avoid it’” Winchester v. Solomon, 322 Mass. 7, 11 (1947). See, also, Luz v. Stop & Shop, Inc. of Peabody, 348 Mass. 198 (1964).
Cases relied on by the defendant such as Lookner v. New York, New Haven & Hartford Railroad, 333 Mass. 555 (1956), and Toubiana v. Priestly, 402 Mass. 84 (1988), do not provide useful guidance because they involved stable, long existing hazards of which the plaintiff was or should have been aware. Here the defendant took active measures to protect against the hazard of which measures the plaintiff was aware but then withdrew the offered protection at lunch time and, in the permissible view of the fact-finder, erred in failing to restore it when lunch was over. The cause of the injuries is not left to conjecture but resulted from the combination of the plaintiffs forgetfulness and the defendant’s careless omission to act. The judge apparently accepted as credible and reasonable the plaintiffs evidencé that he “assumed” the portable dockleveler had been put back in place.
It follows that the defendant was in error in contending' there was insufficient evidence to warrant a finding that it was negligent or that its negligence was a causal factor. The liability of the defendant rests upon the general duty of the owners of premises to exercise due care to prevent injury to those lawfully on their premises. Mounsey v. Ellard, 363 Mass. 693 (1973). The requests were rightfully denied. The report is dismissed.