Rutberg, J.
Plaintiff fell on a set of steps as he was leaving defendant’s store in Worcester on November 1,1994. At the time of his fall, plaintiff was employed as a route delivery person for a local bakery. Defendant required that bread deliveries be completed by 8:00 am; and plaintiff made defendant’s store his first stop on the morning in question. After delivering the fresh bread, plaintiff loaded his four wheel dolly with empty bread trays, a two wheel dolly and the stale bread that he was returning to his employer. Plaintiff walked down the same stairs he used to enter the store but he faced backwards as he was guiding the loaded dolly down the steps; and, as he was descending the stairs, he fell and injured himself.
Thereafter, plaintiff commenced this action alleging that defendant store owner was negligent in maintaining its premises. After trial, the judge ordered that judgment be entered for defendant, and plaintiff has appealed assigning five potential errors of law three of which arise from the trial judge’s refusal to allow the plaintiff to testify as to the physical configuration of receiving areas in other establishments to which he also makes deliveries. Additionally, plaintiff claims that two of the trial judge’s findings are clearly erroneous. We find that the trial judge did not err in making his rulings, and his judgment is affirmed.
The receiving area into which plaintiff transported his delivery had two above ground bays into which trucks could back and unload their contents on the same level as their respective trailer beds. One of. these bays was not available for deliveries as it was always occupied by defendant’s own trailer, and the other bay was reserved for an anticipated beverage delivery later the morning of this incident. As a result, plaintiff was forced to haul his bread delivery on a four wheeled dolly up an adjacent set of stairs and remove the dolly laden with empty bread trays and stale bread down the same steps. Plaintiff attempted to testify that this physical lay-out which necessitated bringing product up and down a staircase created a uniquely dangerous condition for himself and other deliverymen; however, the trial judge excluded this proffered testimony in the absence of any possible expert testimony.
The proffered testimony could only be relevant if it were used to show that the physical lay-out of the receiving area was unreasonably dangerous; however, absent expert testimony, the trial judge lacked the evidentiary foundation to make such a finding or inference. “Findings of fact as to technical matter beyond the scope of ordinary experience are not warranted in the absence of expert testimony supporting such findings.” LIACOS, HANDBOOK OF MASSACHUSETTS EVIDENCE, §7.6, p. 373 [6th ed., 1994], citing cases. Plaintiff has cited this Court to language in Edgarton v. H.P. Welch in support of his contention that *107 he should have been allowed to testify as to the configuration of defendant’s receiving area; however, in Edgarton the excluded evidence was offered through a qualified expert. 321 Mass. 603 (1947). Thus the Edgarton holding is consistent with the trial judge’s ruling.
Plaintiff also cites the Court to the case of Smith v. Ariens Company, where the Supreme Judicial Court noted that there are cases in which a jury can find negligent design “of their own lay knowledge.” 375 Mass. 620, 625 (1978). The negligent design alleged in Smith v. Ariens was the presence of a metal protuberance in an area where a rider’s body would likely make contact in an accident. The application of lay knowledge to such a design is qualitatively different from that which plaintiff offers in this case, because the proffered evidence requires the fact finder to find negligent design by comparing the lay out of one receiving area to that of others. If there was something inherently dangerous about the design of defendant’s receiving area, plaintiff could offer his testimony without expert opinion; but since a finding of negligent design can only follow from a comparison of defendant’s design with that of others, the trial judge properly excluded the foundation testimony of plaintiff in the absence of an expert. The Supreme Judicial Court’s determination that expert testimony was not needed “... to show the hazard of walking down a forty or forty-five degree grade [carrying large quantities of meat] ...” is consistent with the above analysis. Thomas v. Tom’s Food World, 352 Mass. 449, 451 (1967).
In the case at hand, plaintiffs anticipated testimony was that there were Steps in the receiving area and a lack of a raised loading dock which would have allowed a delivery from the rear of a truck at grade and without necessity of somehow raising the cargo to the level of the delivery floor. The lack of a level transfer to a loading dock and/or the presence of steps does not itself raise the inference of a negligent design. For this testimony to be relevant, it had to be coupled with evidence of the reasonable design alternatives to the use of steps, which evidence would have to take into account the amount of anticipated use of the particular area in relation to others. These are matters about which plaintiff is incompetent to offer opinion testimony; thus, without expert testimony, a fact finder could not conclude that the mere presence of steps or the lack of a raised loading dock in the delivery area constitutes negligent design.
Plaintiff also argues that the trial court’s finding that the presence of a foreign substance on the stairs did not cause the fall was clearly erroneous. The only evidence of the presence of a foreign substance was plaintiffs testimony that he felt something mushy underfoot as he descended the stairs as well as his testimony that he had seen foreign matters on the steps when he made previous deliveries. The trial judge’s finding on the issue was: “I find that it is equally probable that the plaintiff slipped on a wet surface, as from a greasy/foreign substance.” It is axiomatic that the plaintiff has the burden of proof of the issue of the presence of a foreign substance and that that burden is a preponderance of the evidence. The trial judge’s finding that “it is equally probable” a foreign substance was present is simply another way of saying that the plaintiff did not prove that such a presence was more likely than not; in other words, plaintiff did not sustain his burden of proof on the issue, [emphasis added]. As plaintiff allows that the judge could have disbelieved the plaintiffs testimony, his factual finding cannot be clearly erroneous.
Finally, plaintiff urges that the finding that the lack of illumination in the area was not the proximate cause of the fall was also clearly erroneous. The trial judge did find that: “An overhead flood-light for the area was either off or not working”; however, he went on to find that “... the lack of illumination was not causative of plaintiffs fall.” It is undisputed that plaintiff descended the stairs backwards; as a result, it is well within the fact finder’s discretion to determine *108 that the lack of illumination did not contribute to the plaintiffs fall since he was unable to see the steps as he descended. Additionally, the trial judge found that plaintiff fell as he was trying to extricate some bread trays which became stuck in the railing; again, the possible lack of illumination was not the proximate cause of the fall given the judge’s findings. As there was substantial evidence in the record to support the judge’s finding of causation, this finding was not clearly erroneous.
For the reasons state above, the judgment of the trial court is affirmed.